### C. HILLIARD, JR. v. THE STATE.

1. Offenses under the act of April 12th, 1871, regulating the keeping and bearing of deadly weapons, fall within the jurisdiction of justices of the peace ; and therefore a plea of acquittal before a justice of the peace is a good plea in bar to a prosecution in the District Court for the same offense.

2. An indictment for carrying deadly weapons charged that the defendant did, on the 28th day of October, 1871, have upon his person and carry about a pistol. On the trial of the case the court below instructed the jury to find the defendant guilty, if, at any time within six months previous to the finding of the indictment, he did have or carry a pistol on or about his person. *Held*, to be error. The defendant could be convicted only of the offense charged in the indictment. He may have had a pistol upon his person within the time specified, and yet have committed no breach of the law.

3. Courts, in charging juries upon crimes and misdemeanors, should explain to them all the ingredients of the act which makes it an offense against the law.

APPEAL from Shelby. Tried below before the Hon. M. W. Wheeler.

The appellant was indicted by the grand jury of Shelby county for carrying a pistol. On the trial of the case he pleaded a previous prosecution and acquittal for the same offense, before a justice of the peace. The court below overruled the plea, and on trial the defendant was convicted.

No brief for appellant.

*William Alexander, Attorney-General,* for the State.

Walker, J. The court erred in excluding the plea of former acquittal from the jury, and also in the first clause of the charge.

A defendant, if convicted at all, must be convicted of the offense charged in the indictment. This charge instructed the jury to find the defendant guilty, if, at any time within six months prior to the finding of the indictment, he did have and carry, on or about his person, a pistol.

It is easy to conceive that the defendant might have had upon his person a pistol within the time specified, and have yet committed no breach of the law.

The court should explain to the jury all the ingredients of an act which makes it an offense against the law; otherwise an innocent man might be found guilty, and indeed could have no defense against acts innocent in themselves.

The Legislature undoubtedly intended to give justices jurisdiction of the offense charged in this indictment. (Vol. II., Paschal's Digest, 6517.)

The judgment of the District Court is reversed and the cause dismissed.

Reversed and dismissed.