**Edna Mae AUZENNE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 52643.**

Court of Criminal Appeals of Texas.

Feb. 23, 1977.

Rehearing Denied March 24, 1977.

Carol S. Vance, Dist. Atty. and Alvin M. Titus, Asst. Dist. Atty., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This is an appeal from a conviction for the offense of theft, a class A misdemeanor; punishment was assessed at ten days in jail.

We are met at the outset with fundamental error that requires consideration in the interest of justice. Art. 40.09(13), V.A.C.C.P.

The information in this case alleges that appellant:

"... on or about June 14, 1975, did then and there unlawfully exercise control over property, namely, one sofa and one stove, of the value of over twenty dollars and under two hundred dollars, with the intent to deprive the owner, H. C. Collins, of the property. Against the peace and dignity of the State."

The failure of the information in this case to allege that appellant exercised control over the property *without the owner's consent,* an essential element of the offense of theft, renders the State's pleading fundamentally defective. The conviction is therefore void. V.T.C.A., Penal Code Sec. 31.03; *Reynolds v. State,* Tex.Cr.App., 547 S.W.2d 590, (Decided this day on rehearing).

The judgment is reversed and the information ordered dismissed.

DOUGLAS, Judge, dissenting.

The indictment should be held sufficient for the reasons set forth in the dissenting opinions in *Ex parte Cannon,* 546 S.W.2d 266 (Tex.Cr.App., 1976); *Reynolds v. State,* 547 S.W.2d 590 (Tex.Cr.App., 1976); *Herrin v. State,* 547 S.W.2d 598 (Tex.Cr.App., 1977). See also the concurring opinion in *Jones v. State,* 545 S.W.2d 771 (Tex. Cr.App., 1975, motion for rehearing, January 26, 1977).