**Robert Lewis SANDERS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 52642.

Court of Criminal Appeals of Texas.

Feb. 23, 1977.

Rehearing Denied March 24, 1977.

Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

In a trial before a jury, appellant was convicted of theft of property of the value of less than two hundred dollars, a third degree felony since appellant had been previously convicted two times of a grade of theft as charged in the indictment. See V.T.C.A. Penal Code, Section 31.03(d)(4)(C). Punishment was assessed at seven years.

Initially, we note that the indictment fails to allege an offense against the laws of the State of Texas, and hence is fundamentally defective and insufficient to invoke the jurisdiction of the trial court. The indictment, in its charging paragraph, alleges that appellant in Harris County, Texas, on or about October 17, 1974,

"did then and there unlawfully commit an offense hereafter styled the primary offense in that he did exercise control over property, namely, money, of the value of under two hundred dollars with the intent to deprive the owner, Big City News of the property . . . ."

Because it failed to allege that the exercise of control of the property was without the owner's effective consent as required by V.T.C.A. Penal Code, Section 31.03, the indictment was fundamentally defective, and insufficient to invoke the trial court's jurisdiction over this case. Consequently, this conviction is void. See *Reynolds v. State*, 547 S.W.2d 590 (No. 51,286, November 3, 1976; State's motion for rehearing denied February 23, 1977).

The judgment is reversed and the indictment is ordered dismissed.

Opinion approved by the Court.

DOUGLAS, Judge, dissenting.

The indictment should be held sufficient for the reasons set forth in the dissenting opinions in *Ex parte Cannon*, 546 S.W.2d 266 (Tex.Cr.App., 1976); *Reynolds v. State*, 547 S.W.2d 590 (Tex.Cr.App., 1976); *Herrin v. State*, 547 S.W.2d 598 (Tex.Cr.App., this day decided). See also the concurring opinion in *Jones v. State*, 545 S.W.2d 771 (Tex.Cr.App., 1975, motion for rehearing, January 26, 1977).