Marshall A. BRADLEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 51435.

Court of Criminal Appeals of Texas.

Panel No. 1.

Jan. 18, 1978.

Eugene T. McLaughlin, Houston, for appellant.

Selden N. Snedeker, Dist. Atty. and Joe K. Hendley, Asst. Dist. Atty., Brownsville, for the State.

Before TOM G. DAVIS, DALLY and W. C. DAVIS, JJ.

## OPINION

DALLY, Judge.

This is an appeal from a conviction for the offense of theft of property of the value of over $10,000.00; punishment was assessed at imprisonment for 10 years.

This appeal was dismissed on December 17, 1975, because the record did not reflect that appellant gave proper notice of appeal; after a post-conviction habeas corpus proceeding this Court ordered that an out-of-time appeal be granted. *Ex parte Bradley*, 546 S.W.2d 305 (Tex.Cr.App.1977).

Appellant asserts that the court's charge is fundamentally defective because it authorized the jury to convict without requiring it to find a necessary element of the offense had been proved, that is, that the alleged taking was without the effective consent of the owner of the property. We agree and reverse the judgment.

V.T.C.A. Penal Code, Sec. 31.03, as in effect at the time of the offense, provided:

"(a) A person commits an offense if, with intent to deprive the owner of property:

"(1) he obtains the property unlawfully; or

"(2) he exercises control over the property, other than real property, unlawfully,

"(b) Obtaining or exercising control over property is unlawful if:

"(1) the actor obtains or exercises control over the property without the owner's effective consent; or

"(2) the property is stolen and the actor obtains it from another or exercises control over the property obtained by another knowing it was stolen."

The indictment, in pertinent part, alleged that appellant, on or about February 13, 1975, in Cameron County:

" . . . did then and there with intent to deprive the owner, Charlie C. Adair, without the effective consent of the owner, of property, namely, United States currency, did unlawfully exercise control over and obtain such property which had a value of over $10,000.00."

■ The indictment alleges each element of theft provided in V.T.C.A., Sec. 31.-03(a)(1), (a)(2), and (b)(1). An indictment for theft which does not allege that the taking was without the owner's effective consent is fundamentally defective. *Reynolds v. State*, 547 S.W.2d 590 (Tex.Cr.App. 1977); *Auzenne v. State*, 547 S.W.2d 596 (Tex.Cr.App.1977); *Sanders v. State*, 547 S.W.2d 597 (Tex.Cr.App.1977); *Herrin v. State*, 547 S.W.2d 598 (Tex.Cr.App.1977); *Johnson v. State*, 547 S.W.2d 599 (Tex.Cr. App.1977).

■ The court's charge applying the law to the evidence allowed the jury to convict the appellant without finding that the taking was without the owner's effective consent. The charge reads as follows:

"Now, if you find from the evidence beyond a reasonable doubt that on or about the 13th day of February, 1975 in Cameron County, Texas, the defendant, Marshall A. Bradley, either acting alone *or as a party to the offense,* as above defined, with others did, with intent to deprive the owner, Charlie C. Adair, of property, namely, United States currency, unlawfully exercise control over or obtain such property which had a value of more than $10,000.00, as set forth in the indictment, then you will find the defendant, Marshall A. Bradley, guilty of theft as charged in the indictment.

"Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant, Marshall A. Bradley."

This charge is fundamentally defective because it allowed the jury to convict appellant without finding all of the statutory elements of the offense. See *Long v. State,* 548 S.W.2d 897 (Tex.Cr.App.1977). It has always been necessary to charge on all of the essential elements of an offense. See, e. g., *Hilliard v. State,* 37 Tex. 358 (1873); *Cady v. State,* 4 Tex.App. 238 (1878); *Mendoza v. State,* 491 S.W.2d 888 (Tex.Cr.App. 1973); *People v. Richards,* 28 Ill.App.3d 505, 328 N.E.2d 692 (1975); *State v. Newhart,* 503 S.W.2d 62 (Mo.App.1973).

■ The court's abstract instructions on the law—defining "unlawful control," "effective consent," "deception" and "deprive"—are not sufficient to remedy the deficiency in that portion of the charge which applies the law to the facts of the case. The State also is incorrect in asserting that the charge is proper because it requires the jury to find that the appellant's exercise of control over the property was "as set forth in the indictment," and the indictment includes the element "without the effective consent of the owner." Were this the law, there would never be any need for a charge beyond requiring the jury to find that the defendant committed the offense as set forth in the indictment. See *United States v. Bosch,* 505 F.2d 78 (5th Cir. 1974); *People v. Lewis,* 112 Ill.App.2d 1, 250 N.E.2d 812 (1969).

The judgment is reversed and the cause remanded.