COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-477-CR
  
  
RONNIE 
RUBIO A/K/A PASTEUR CRUZ                                     APPELLANT
A/K/A 
FRANCISCO MENDEZ
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM 
THE 158TH DISTRICT COURT OF DENTON COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        A 
jury convicted Appellant Ronnie Rubio, also known as Pasteur Cruz, also known as 
Francisco Mendez, of two counts of aggravated robbery and sentenced him to 
twenty-seven years’ confinement for each count. In seven points, Appellant 
alleges five jury charge errors and contends that the evidence is legally and 
factually insufficient to support his conviction. We affirm.
Factual and 
Procedural Background
        At 
approximately 3:00 a.m. on January 13, 2003, Keith Moses, Sissy Bellar, Brook 
Pearson, and Joey Webb parked Bellar’s Lincoln Navigator in the parking lot of 
a Kroger grocery store. Moses and Webb went inside the store to purchase food 
while Bellar and Pearson waited in the Navigator. As Moses exited the store, he 
noticed a maroon Honda Accord pull up behind the Navigator and stop. A man 
holding a gun got out of the Accord, approached Moses, and commanded him to 
“get up off the car.” Moses told the man that the Navigator did not belong 
to him and that he did not have the keys as he attempted to open the driver’s 
side door. When Moses pushed the man with the gun away, the man fired the gun 
toward Moses. At this point, Moses told Bellar and Pearson to get out of the 
Navigator. Another man, identified at trial as Appellant, opened the passenger 
door where Bellar was sitting and pulled her out of the Navigator. Once Bellar 
and Pearson were out of the Navigator, the men jumped into the Navigator and 
drove off with the Accord following behind them. Moses immediately called 911 to 
report the incident.
        Carrollton 
Police Officer Todd Eubanks received the dispatch requesting his response to the 
carjacking. Parked along Interstate 35 South in case the cars headed toward 
Dallas, Officer Eubanks saw a black sports utility vehicle traveling at 
eighty-three miles per hour followed by a maroon Honda. He chased both vehicles 
until the Navigator exited the highway. Officer Eubanks continued following the 
Accord, reaching speeds in excess of one hundred miles per hour. The chase ended 
at a Dallas apartment complex when two men jumped out of the car and ran into 
the complex. During a search of the complex, two police officers found Marvin 
Sorto and Juan Montoya sweating heavily with mud on their clothes. Sorto was 
arrested for outstanding warrants, and Montoya was released after police 
determined there was a lack of probable cause to arrest him. Police recovered 
the Navigator after a pursuit by the Farmers Branch Police Department ended at 
another apartment complex in Dallas.
        The 
following day, based on information obtained in an interview with Sorto, Officer 
Gary Fernandez identified Sorto, Appellant, Montoya, and Edwin Barrera as 
additional suspects. On January 16, Fernandez questioned Appellant about the 
incident. Although Appellant initially denied involvement, he eventually signed 
a written confession admitting that he took part in the carjacking. Barrera and 
Montoya also confessed. Appellant claims that he did not know Barrera had a gun 
until Barrera pulled it out and aimed it at Moses. At trial, however, Montoya 
testified that Appellant had the gun when they pulled into the Kroger parking 
lot. Montoya claimed that when Barrera asked for the gun, Appellant, who was 
sitting in the front passenger seat of the car, retrieved the gun from under his 
seat and handed it to Barrera.
        At 
the close of evidence, Appellant asked the trial court to include a lesser 
included offense instruction on robbery. The trial court granted Appellant’s 
request on the charge alleging aggravated robbery of Bellar and denied 
Appellant’s request on the charge alleging aggravated robbery of Moses. A jury 
found Appellant guilty on two counts of aggravated robbery and sentenced him to 
twenty-seven years’ confinement for each count. This appeal ensued.
Sufficiency of 
the Evidence
        In 
Appellant’s first two points, he argues that the evidence was legally and 
factually insufficient to support his conviction for aggravated robbery because 
there was no evidence that Appellant used a gun in the robbery, and the only 
evidence that Appellant was aware that a gun would be used during the robbery 
came from the uncorroborated testimony of an accomplice. In reviewing the legal 
sufficiency of the evidence to support a conviction, we view all the evidence in 
the light most favorable to the verdict in order to determine whether any 
rational trier of fact could have found the essential elements of the crime 
beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S. 
Ct. 2781, 2789 (1979); Burden v. State, 55 S.W.3d 608, 612 (Tex. Crim. 
App. 2001). This standard gives full play to the responsibility of the trier of 
fact to resolve conflicts in the testimony, to weigh the evidence, and to draw 
reasonable inferences from basic facts to ultimate facts. Jackson, 443 
U.S. at 319, 99 S. Ct. at 2789. When performing a legal sufficiency review, we 
may not sit as a thirteenth juror, re-evaluating the weight and credibility of 
the evidence and, thus, substituting our judgment for that of the fact finder. Dewberry 
v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), cert. denied, 529 
U.S. 1131 (2000). When we are faced with a record that supports conflicting 
inferences, we “must presume—even if it does not affirmatively appear in the 
record—that the trier of fact resolved any such conflict in favor of the 
prosecution, and must defer to that resolution.” Matson v. State, 819 
S.W.2d 839, 846 (Tex. Crim. App. 1991).
        In 
reviewing the factual sufficiency of the evidence to support a conviction, we 
are to view all the evidence in a neutral light, favoring neither party. See 
Zuniga v. State, No. 539-02, 2004 WL 840786, at *4 (Tex. Crim. App. Apr. 21, 
2004). The only question to be answered in a factual sufficiency review is 
whether, considering the evidence in a neutral light, the fact finder was 
rationally justified in finding guilt beyond a reasonable doubt. Id. at 
*7. There are two ways evidence may be factually insufficient: (1) the evidence 
supporting the verdict or judgment, considered by itself, is too weak to support 
the finding of guilt beyond a reasonable doubt; or (2) when there is evidence 
both supporting and contradicting the verdict or judgment, weighing all of the 
evidence, the contrary evidence is so strong that guilt cannot be proven beyond 
a reasonable doubt. Id. “This standard acknowledges that evidence of 
guilt can ‘preponderate’ in favor of conviction but still be insufficient to 
prove the elements of the crime beyond a reasonable doubt.” Id. In 
other words, evidence supporting a guilty finding can outweigh the contrary 
proof but still be insufficient to prove the elements of an offense beyond a 
reasonable doubt. Id.
        In 
performing a factual sufficiency review, we are to give deference to the fact 
finder’s determinations, including determinations involving the credibility 
and demeanor of witnesses. Id. at *4; Cain v. State, 958 S.W.2d 
404, 407 (Tex. Crim. App. 1997). We may not substitute our judgment for that of 
the fact finder’s. Zuniga, 2004 WL 840786, at *4.
        A 
proper factual sufficiency review requires an examination of all the evidence. Id. 
at *7, 9. An opinion addressing factual sufficiency must include a discussion of 
the most important and relevant evidence that supports the appellant’s 
complaint on appeal. Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 
2003).
        Appellant 
was charged with aggravated robbery as a principal. We agree with Appellant that 
the record before us does not reflect any evidence that he actually used or 
exhibited a deadly weapon in the course of committing the robbery. Consequently, 
we must determine whether the evidence supports Appellant’s conviction under 
the law of parties. Section 7.02(a)(2) of the Texas Penal Code provides that a 
person is criminally responsible for another person’s conduct if, “acting 
with intent to promote or assist the commission of the offense, he solicits, 
encourages, directs, aids, or attempts to aid the other person to commit the 
offense.” Tex. Penal Code Ann. 
§ 7.02(a)(2) (Vernon 2003). Standing alone, proof that an accused was present 
at the scene of the crime or assisted the primary actor in making his getaway is 
insufficient. Scott v. State, 946 S.W.2d 166, 168 (Tex. App.—Austin 
1997, pet. ref'd). The evidence must show that at the time of the offense the 
parties were acting together, each contributing some part toward the execution 
of their common purpose. Brooks v. State, 580 S.W.2d 825, 831 (Tex. Crim. 
App. [Panel Op.] 1979); Armstead v. State, 977 S.W.2d 791, 797 (Tex. 
App.—Fort Worth 1998, pet. ref'd). Evidence is legally sufficient to convict 
under the law of parties when the defendant is physically present at the 
commission of the offense and encourages its commission by acts, words, or other 
agreement. Barnes v. State, 56 S.W.3d 221, 238 (Tex. App.—Fort Worth 
2001, pet. ref'd). Whether an accused participated as a party to an offense may 
be determined by examining the events occurring before, during, and after the 
commission of the offense and by examining the actions of the accused that show 
an understanding and common design to commit the offense. Beier v. State, 
687 S.W.2d 2, 4 (Tex. Crim. App. 1985); Armstead, 977 S.W.2d at 797.
        Appellant 
contends that he is not criminally responsible for the aggravating element of 
the charge because the evidence did not establish that he acted as a party in 
the use or exhibition of the gun. According to Appellant, the only evidence 
supporting his knowledge of the gun prior to its use by Barrera is the 
uncorroborated testimony of his accomplice in the crime. Appellant recognizes in 
his brief that it is not necessary to have specific nonaccomplice testimony 
connecting the accused to the use of the deadly weapon in order to support a 
deadly weapon finding. Appellant nevertheless argues that the present case is 
not unlike the facts considered by this court in Wooden v. State. 101 
S.W.3d 542, 546 (Tex. App.—Fort Worth 2003, pet. ref’d). In Wooden, 
the defendant was convicted as a party to an aggravated robbery. Id. On 
review, we held that there was no evidence in the record that the appellant knew 
there was a gun in the car or that he aided or encouraged a co-defendant to 
threaten the victim with a gun. Id. at 548. Here, the record contains 
evidence that Appellant knew about the existence of the gun. Montoya testified 
that Appellant handed the gun to Barrera before the robbery occurred. 
Furthermore, Appellant admitted in his confession that he continued his 
participation in the robbery even after Barrera fired the gun. Barrera’s 
confession, written in Spanish and then translated into English, states in 
pertinent part:
  
ONE 
OF THE GUYS GOT OUT A GUN WHICH I DID NOT KNOW THEY HAD AND AIMED IT WITH THE 
DRIVER, AND THEN FIRED. SO, EVERYONE GOT OUT THEN I GOT IN WITH HIM ON THE 
PASSANGER’S SIDE OF THE NAVIGATOR. . . .
 
 
        . 
. . .
 
WHEN 
THE GUY EDWIN FIRED THE GUN I WAS TELLING MARVIN TO MOVE THE HONDA BECAUSE IT 
WAS BLOCKING THEM SO HE MOVED AND EDWIN REVERSED AND THEN WHEN HE WAS GOING WAS 
WHEN I GOT IN THE NAVIGATOR.
 
 
Bellar 
testified that after Barrera fired the gun, Appellant stated, “Bitch, 
get out of the car” and pulled her out of the car. With Barrera driving and 
Appellant in the front passenger seat, the two men drove off in the Navigator 
and the other two men followed in the Accord. Officer Fernandez testified that 
Appellant “was originally in the front passenger’s seat, but our evidence 
shows that at one point, he was in the back seat removing” television monitors 
from the headrests of the seats. Unlike the facts in Wooden, there is 
ample evidence in the record before us that Appellant knew about the gun and 
nevertheless continued his participation in the robbery. See Escobar v. State, 
28 S.W.3d 767, 774 (Tex. App.—Corpus Christi 2000, pet. ref’d) (holding that 
a rational trier of fact could have concluded that the defendant, by entering a 
getaway vehicle with stolen merchandise while the co-defendant pointed a gun at 
the victim, knew of the gun and intended to promote or assist in an aggravated 
robbery.)
        Citing 
Scott, Appellant argues that his participation in the robbery after 
Barrera fired the gun does not rise to the level of criminal responsibility 
because “merely assisting the primary party in making a getaway is 
insufficient.” 946 S.W.2d at 168. In Scott, the defendant admitted 
driving his companions to a certain location where, without his knowledge, they 
committed aggravated robbery. Id. at 167. The defendant waited for his 
companions in the car, then drove them away. Id. at 168-70. Afterwards, 
the companions told the defendant what they had done and gave him some of the 
money that they stole from the victims. Id. The evidence in Scott did 
not suggest that the defendant had prior knowledge of his passengers' intent or 
that the defendant knowingly assisted his passengers in the offense. See id. 
We disagree that Appellant's case is comparable to Scott. Here, the 
record contains evidence that Appellant knew that his co-defendants were 
stealing the Navigator. In fact, the evidence reflects that Appellant actively 
participated in the robbery by pulling Bellar out of the car and attempting to 
remove the television moniters from the headrests even after Barrera fired the 
gun.
        The 
fact finder is entitled to judge the credibility of the witnesses and may choose 
to believe all, some, or none of the testimony presented. See Chambers v. 
State, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). Viewing all the evidence 
in the light most favorable to the conviction, a rational trier of fact could 
find beyond a reasonable doubt that Appellant knew about the gun. Viewing all 
the evidence neutrally, the State’s evidence is neither so obviously weak nor 
so greatly outweighed by contrary proof as to undermine confidence in the 
jury’s determination. We therefore conclude that the evidence supporting 
Appellant’s conviction for aggravated robbery is legally and factually 
sufficient. We overrule Appellant’s first and second points.
Lesser Included 
Offense
        In 
Appellant’s third point, he contends that the trial court improperly denied 
his request for a lesser included offense instruction on robbery in the jury 
charge in reference to the alleged aggravated robbery of Moses. To determine 
whether a jury must be charged on a lesser included offense, we apply a two-step 
analysis. Moore v. State, 969 S.W.2d 4, 8 (Tex. Crim. App. 1998). The 
first step is to decide whether the offense is a “lesser included offense” 
as defined in article 37.09 of the code of criminal procedure. Tex. Code Crim. Proc. Ann. art. 37.09 
(Vernon 1981); Moore, 969 S.W.2d at 8.
        A 
lesser included offense is defined both in terms of the offense charged and the 
facts of the case: “An offense is a lesser included offense if . . . it is 
established by proof of the same or less than all the facts required to 
establish the commission of the offense charged.” Tex. Code Crim. Proc. Ann. art. 
37.09(1). Therefore, our analysis of whether an offense is a lesser included 
offense of the charged offense must be made on a case-by-case basis. Bartholomew 
v. State, 871 S.W.2d 210, 212 (Tex. Crim. App. 1994); Day v. State, 
532 S.W.2d 302, 315-16 (Tex. Crim. App. 1976) (op. on reh'g). It does not matter 
if the charged offense can be established on a theory that does not contain the 
lesser offense; the issue is whether the State, when presenting its case to 
prove the offense charged, also includes proof of the lesser included offense as 
defined in article 37.09. Bartholomew, 871 S.W.2d at 212; Broussard v. 
State, 642 S.W.2d 171, 173 (Tex. Crim. App. 1982).
        The 
second step requires an evaluation of the evidence to determine whether there is 
some evidence that would permit a rational jury to find that the defendant is 
guilty only of the lesser offense, and not of the greater. Feldman v. State, 
71 S.W.3d 738, 750 (Tex. Crim. App. 2002); Moore, 969 S.W.2d at 8. The 
evidence must be evaluated in the context of the entire record. Moore, 
969 S.W.2d at 8. There must be some evidence from which a rational jury could 
acquit the defendant on the greater offense while convicting him of the lesser 
included offense. Id. The court may not consider whether the evidence is 
credible, controverted, or in conflict with other evidence. Id. If there 
is evidence from any source that negates or refutes the element establishing the 
greater offense, or if the evidence is so weak that it is subject to more than 
one reasonable inference regarding the aggravating element, the jury should be 
charged on the lesser included offense. Schweinle v. State, 915 S.W.2d 
17, 19 (Tex. Crim. App. 1996); Saunders v. State, 840 S.W.2d 390, 391-92 
(Tex. Crim. App. 1992).
        A 
person commits the offense of robbery if the person, in the course of committing 
a theft offense, intentionally or knowingly threatens or places another in fear 
of imminent bodily injury or death. Tex. 
Penal Code Ann. § 29.02(a)(2) (Vernon 2003). Aggravated robbery occurs 
if the person commits a robbery and uses or exhibits a deadly weapon. Id. 
§ 29.03(a)(2). The State does not dispute that the offense of robbery is a 
lesser included offense of aggravated robbery. See Reed v. State, 117 
S.W.3d 260, 263 (Tex. Crim. App. 2003). Rather, the State argues that there is 
no more than a scintilla of evidence in the record that would permit a rational 
jury to find that Appellant was guilty only of robbery.
        Appellant 
was prosecuted as a principle to the aggravated robbery. Complicity law under 
the Texas Penal Code mandates:
  
a) 
A person is criminally responsible as a party to an offense if the offense is 
committed by his own conduct, by the conduct of another for which he is 
criminally responsible, or by both.
 
b) 
Each party to an offense may be charged with commission of the offense.
 
 
Tex. Penal Code Ann. § 7.01(a)-(b) 
(Vernon 2003). At trial, Appellant’s attorney argued that without Montoya’s 
accomplice testimony, there is no evidence Appellant knew that Barrera had a gun 
or that a gun would be used in the commission of the robbery. Appellant, 
however, admitted in his confession that he continued his participation in the 
robbery even after Barrera fired the gun. On this record, the trial court 
committed no error in refusing to submit an instruction on the lesser included 
offense of robbery because there is no affirmative evidence from which that 
offense could have been a rational alternative to the greater charged offense. 
Appellant’s third point is overruled.
Jury Charge
        Appellant’s 
fourth point of error contends that the trial court erred by including two 
victims in one application paragraph regarding the law of parties. Appellant 
asserts that the jury charge should have contained two separate law of parties 
paragraphs—one for each count of aggravated robbery. In Appellant’s fifth 
point of error, he argues that the charge does not specifically require any 
culpable mental state on the part of Barrera, the primary actor in the offense. 
Appellant’s sixth point of error complains that the trial court’s failure to 
set out the elements of the offense in the jury charge allowed the jury to 
convict Appellant of aiding and abetting an aggravated robbery even if it found 
that he only promoted, assisted, encouraged, or aided another person in 
committing either the theft aspect of the aggravated robbery or the weapons 
portion of the charge, but not both. Appellant cites no authority in support of 
the proposition that any of these three aspects of the jury charge constitutes 
error. If a party provides no argument or legal authority to support its 
position, we may properly overrule the issue or point as inadequately briefed. Tex. R. App. P. 38.1(h); Tong v. 
State, 25 S.W.3d 707, 710 (Tex. Crim. App. 2000), cert. denied, 532 
U.S. 1053 (2001); Mosley v. State, 983 S.W.2d 249, 256 (Tex. Crim. App. 
1998), cert. denied, 526 U.S. 1070 (1998) (op. on reh’g). Nevertheless, 
we note that Appellant’s fifth point of error asserting that the jury charge 
did not specifically require any culpable mental state on the part of Barrera 
disregards the fact that the culpable mental state for aggravated robbery was 
defined in the abstract paragraphs. The jury charge instructed that in order to 
find Appellant guilty as a party to aggravated robbery, they were required to 
find that Appellant “solicited, encouraged, directed, aided or attempted to 
aid Edwin Barrera (Martinez) in committing the offense, and the said Edwin 
Barrera (Martinez) did commit the offense.” [emphasis added.] The culpable 
mental state required for aggravated robbery is accurately defined in the 
abstract paragraph as “in the course of committing theft . . . and with intent 
to obtain or maintain control of the property of another, he intentionally or 
knowingly threatens or places another in fear of imminent bodily injury or 
death.” Moreover, Appellant’s sixth point claiming that the jury charge did 
not set out the elements of the offense is meritless. The jury charge reflects 
that the jury was well-instructed on the elements of aggravated robbery and the 
law of parties. We overrule Appellant’s fourth through sixth points of error.
        Appellant’s 
seventh and final point of error complains that the jury charge “did not 
define what ‘offense’ it alleged Barrera to have committed.” Citing Bradley 
v. State, Appellant argues that a mere reference in the charge allowing a 
defendant’s conviction for an offense “as set forth in the indictment” 
does not meet the requirement that the charge must set forth the specific 
elements of the offense. 560 S.W.2d 650, 652 (Tex. Crim. App. 1978). In Bradley, 
the Texas Court of Criminal Appeals held that the jury charge at issue was 
fundamentally defective because it allowed the jury to convict the appellant of aggravated 
robbery if it found that the appellant encouraged, directed, or aided 
another person to commit the offense of theft. Id. Here, the jury 
charge sets forth the specific elements of aggravated robbery. Accordingly, Bradley 
does not apply to the present case.
        Appellant 
additionally relies on this court’s decision in Woods v. State. 749 
S.W.2d 246, 248 (Tex. App.—Fort Worth 1988, no pet.), cert. denied, 519 
U.S. 1119 (1996). In Woods, we held that a jury charge was fundamentally 
defective because it allowed the jury to convict the appellant of theft without 
finding that the taking was without the owner’s consent—an essential element 
of theft. Id. An indictment for theft which does not allege that the 
taking was without the owner's effective consent is fundamentally defective. Id. 
The jury charge at issue in the present case instructs the jury that it must 
determine whether Barrera committed “the offense.” The charge states that 
“the offense” is “aggravated robbery . . . as charged in the 
indictment”; and, as we previously noted, the jury charge also properly sets 
forth the elements of aggravated robbery.
        Appellant’s 
third and final argument in support of his seventh point, asserts that the jury 
charge does not contain facts that show how Appellant acted as a party to the 
offense of aggravated robbery. The application paragraph states,
Therefore, 
if you believe from the evidence beyond a reasonable doubt that the defendant, 
RONNIE RUBIO ALSO KNOWN AS PASTEUR CRUZ ALSO KNOWN AS FRANCISCO MENDEZ, on or 
about the 13th day of January, 2003, either by his own conduct, or by acting 
with intent to promote or assist the commission of the offense of the AGGRAVATED 
ROBBERY of Keith Moses or Sissy Bellar, as charged in the indictment 
(hereinafter referred to as “the offense”), solicited, encouraged, directed, 
aided or attempted to aid Edwin Barrera (Martinez) in committing the offense, 
and the said Edwin Barrera (Martinez) did commit the offense, then you will find 
the defendant, RONNIE RUBIO ALSO KNOWN AS PASTEUR CRUZ ALSO KNOWN AS FRANCISCO 
MENDEZ, guilty of AGGRAVATED ROBBERY of Keith Moses or Sissy Bellar, as charged 
in the indictment.

A 
proper charge of the law of parties includes both an abstract definition and an 
application paragraph. See McFarland v. State, 928 S.W.2d 482, 515 (Tex. 
Crim. App. 1996). Reversible error occurs when the evidence raises an issue on 
the law of parties and the application paragraph contains no application of the 
law of parties to the facts. Chatman v. State, 846 S.W.2d 329, 331-32 
(Tex. Crim. App. 1993). A perfect charge is not necessary, however, as long as 
the charge adequately applies the law of parties to the facts. See id. at 
332. “If a defendant desires a more explicit application of a particular 
method of acting as a party, it is his burden to request such or object to the 
charge.” Villareal v. State, 116 S.W.3d 74, 83 (Tex. App.—Houston 
[14th Dist.] 2001, no pet.) (quoting Chatman, 846 S.W.2d at 332). Absent 
such an objection or request, the trial court does not err by submitting a 
general application of the law of parties to the facts. Id. Applying that 
standard, we conclude that the jury charge adequately applies the law of parties 
to the facts. We overrule Appellant’s seventh point.
Conclusion
        Having 
overruled each of Appellant’s seven points of error, we affirm the trial 
court’s judgment.
 
 
                                                                  PER 
CURIAM
   
  
PANEL 
B:   HOLMAN, DAUPHINOT, and GARDNER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
August 25, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.