**Opinion issued March 10, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00037-CR

———————————

**BRIAN WAYNE ALLEN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

### On Appeal from the 260th District Court
### Orange County, Texas[1]

---

[1] The Texas Supreme Court transferred this appeal from the Court of Appeals for the Ninth District of Texas. Misc. Docket No. 14-9246 (Tex. December 15, 2014); *see also* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2005) (authorizing transfer of cases). For the issues raised in this appeal, we have relied on controlling authority from the Court of Criminal Appeals. In our review, we have determined that no relevant precedent from the Beaumont Court of Appeals or this Court further develops the legal matters at issue. *See* TEX. R. APP. P. 41.3 (requiring reviewing court to "decide the case in accordance with the precedent of the transferor court" and permitting reviewing courts to address whether outcome would be different under precedent of reviewing court). Accordingly, the case law does not indicate that the outcome of this proceeding would be affected by which court reviewed it. *See id.*

## MEMORANDUM OPINION

The State charged Brian Wayne Allen by indictment with unauthorized use of a motor vehicle.[2] Appellant pleaded not guilty. The jury found him guilty and assessed punishment at two year's confinement and a $10,000 fine. In two issues, Appellant argues (1) the evidence was insufficient to support his conviction and (2) the charge deprived him of his right to a unanimous jury verdict.

We affirm.

## Background

Granger Chevrolet is a dealership in Orange, Texas. Before April 17, 2014, Alex Smith took his truck to the dealership for repairs. On the morning of April 17, 2014, employees at the dealership saw that a portion of the fence surrounding the service area of the dealership was lying mostly on its side, consistent with someone driving over the fence. Dean Granger, the owner of the dealership, called the police. Smith's truck was found missing.

On April 30, 2014, William Stephens was driving on a highway in Orange County. He checked his side mirror to change lanes and saw a truck lose control. The truck hit a retaining wall, deflected across the lanes of traffic, hit another

---

[2] TEX. PENAL CODE ANN. § 31.07(a) (Vernon 2011).

retaining wall, deflect again, and hit an 18-wheeler before coming to a stop. Stephens stopped to render aid. As he was walking toward the truck, Stephens saw a man get out of the driver's side of the truck, walk across the highway, and then walk down an exit ramp on the other side of the highway.

Police were notified. Shortly after, Officer R. Ruggles arrived at the exit ramp's connection to the feeder road. Officer Ruggles saw Appellant walking down the feeder. Appellant's attire matched the description given to the police of the driver of the truck. Appellant had cuts and scratches on his body consistent with someone who had recently been in an accident. Appellant was taken back to the truck, and Stephens identified him as the driver of the truck.

Appellant was charged with unauthorized use of a motor vehicle. The indictment contained two paragraphs. Both charged Appellant with unauthorized use of a motor vehicle, but the first identified Granger as the owner of the vehicle and the second identified Smith as the owner of the vehicle.

During voir dire, the prosecutor explained to the venire panel that two owners for the truck would be identified for the jury to consider. At trial, Granger testified. He told the jury that neither he nor any other employee of the dealership authorized anyone to take the truck.

During closing arguments, the prosecutor focused almost exclusively on the elements of the offense with Granger as the owner of the truck. He began by

3

emphasizing that, if they found Appellant guilty with Granger as the owner of the truck, then they were done. The prosecutor's closing argument gave very little attention to whether Appellant was guilty with Smith as the owner of the truck.

Appellant's attorney told the jury during closing argument that the charge would allow the jury to convict Appellant for the same offense with Smith as the owner of the truck. He mentioned this once, and his only addition to it was to question why Smith had never been called to testify.

The application portion of the jury charge provides as follows:

> Now bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt that on or about the 30th day of April, 2014, in Orange County, Texas, the defendant BRIAN WAYNE ALLEN, did then and there intentionally and knowingly operate a motor-propelled vehicle to wit: a Chevrolet truck, without the effective consent of the owner, Dean Granger, then you will find the defendant guilty, as charged in the indictment.
> Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will find the defendant not guilty and proceed then to determine whether the defendant is guilty of the offense as alleged in Paragraph Two.

No objections were raised about the charge. The jury verdict provides, "We, the Jury, find the Defendant, BRIAN WAYNE ALLEN, 'Guilty' of Unauthorized Use of a Vehicle, as charged in the indictment."

**Sufficiency of the Evidence**

In his first issue, Appellant argues the evidence was insufficient to support his conviction.

4

**A.** **Standard of Review**

In reviewing a challenge to the sufficiency of the evidence, the evidence is assessed in the light most favorable to the prosecution to determine whether any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S. Ct. 2781, 2789 (1979); *Brooks v. State,* 323 S.W.3d 893, 894–95 (Tex. Crim. App. 2010); *Cornwell v. State*, 445 S.W.3d 488, 490 (Tex. App.—Beaumont 2014), *aff'd on other grounds,* 2015 WL 5829796 (Tex. Crim. App. Oct. 7, 2015). "Because it is the jury's responsibility to resolve conflicting testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts, a jury verdict will be upheld 'unless a reasonable juror must have had a reasonable doubt as to at least one of the elements of the offense.'" *Cornwell*, 445 S.W.3d at 490 (quoting *Runningwolf v. State,* 360 S.W.3d 490, 494 (Tex. Crim. App. 2012)).

**B.** **Analysis**

"A person commits an offense if he intentionally or knowingly operates another's boat, airplane, or motor-propelled vehicle without the effective consent of the owner." TEX. PENAL CODE ANN. § 31.07(a) (Vernon 2011). Appellant argues that the evidence was insufficient to support his conviction because there was insufficient evidence to show he was driving the truck in question and because there

was insufficient evidence to show he was driving without the owner's effective consent.

For proof that Appellant was driving the truck in question, the State presented the testimony of Stephens. Stephens testified that he saw the truck hit two containing walls and then an 18-wheeler before coming to a stop. Stephens pulled over, got out of his car, and walked toward the truck to render aid. Stephens testified that he saw Appellant get out of the driver's side of the truck, cross the highway, and walk away from the scene. Stephens told the jury that no one else was in the truck.

The State also presented the testimony of Officer Ruggles. He testified that he was at the scene shortly after it was reported and learned from dispatch that the suspect had been seen walking down the highway exit on the opposite side of the highway. Officer Ruggles stopped at the end of the exit, and saw Appellant walking along the exit. Appellant's clothing matched the description of the driver of the truck. Another officer transported Appellant back to the scene, and Stephens confirmed Appellant was the person he saw leaving the truck.

Appellant raises a number of challenges to the credibility of Stephens's testimony, questioning whether he could have accurately seen the accident as he was driving and whether he could have seen Appellant well enough to identify him based on seeing Appellant briefly as he walked away. Credibility determinations, however, are left to the jury to resolve. *See Thomas v. State*, 444 S.W.3d 4, 8 (Tex.

Crim. App. 2014) ("With respect to testimony of witnesses, the jury is the sole judge of the credibility and weight to be attached thereto."); *Cornwell*, 445 S.W.3d at 490 (holding it is jury's responsibility to weigh evidence). Likewise, Appellant argues that, when he was found near the scene, he "just was not acting as a guilty individual would act." To the degree this is relevant, it bears on the weight of the evidence, which is left to the jury. *See Thomas*, 444 S.W.3d at 8; *Cornwell*, 445 S.W.3d at 490.

Appellant also argues that the officers at the scene impermissibly tainted Stephens's identification of Appellant by presenting Appellant by himself and asking Stephens if Appellant was the driver of the truck. Appellant did not, however, object to the pretrial or in-court identification of him by Stephens or any other witness. Failure to object to pretrial or in-court identifications waives any error. *Perry v. State*, 703 S.W.2d 668, 670 (Tex. Crim. App. 1986). We hold there was sufficient evidence to support the jury's determination that Appellant was the driver.

For Appellant's argument that there is no proof that he was driving the car without the effective consent of the owner, Appellant points out that the keys to the truck were found inside the truck and that the truck had not been hotwired. Granger, the owner of the dealership where the truck had been stolen, testified that the keys were kept on a board in the office. Appellant asserts that there was no indication

7

that the office had been broken into. Accordingly, Appellant argues, "So someone gave the keys to someone. Someone with the right to give consent arguably."

Even if we agree that the evidence allows this inference, it is not the only permissible inference. *See Cornwell*, 445 S.W.3d at 490 (holding it is jury's responsibility to resolve conflicting testimony, weigh evidence, and draw reasonable inferences from evidence). Granger testified that he had not authorized anyone to take the truck. While there was no evidence of whether the office where the keys were kept had been broken into, there also was no indication that the office had been locked. After the truck was taken, a portion of the fence surrounding the service area of the dealership was lying mostly on its side, consistent with someone driving over the fence. No other vehicles were reported missing. We hold the evidence is sufficient to support the jury's determination that the truck had been used without the owner's effective consent.

We overrule Appellant's first issue.

## Charge Error

In his second issue, Appellant argues the charge deprived him of his right to a unanimous jury verdict.

## A.   Standard of Review

In analyzing a jury-charge issue, our first duty is to decide if error exists. *See Almanza v. State*, 686 S.W.2d 157, 174 (Tex. Crim. App. 1985). Only if we find

8

error do we then consider whether an objection to the charge was made and analyze for harm. *See Warner v. State*, 245 S.W.3d 458, 461 (Tex. Crim. App. 2008) ("The failure to preserve jury-charge error is not a bar to appellate review, but rather it establishes the degree of harm necessary for reversal.").[3]

"The degree of harm necessary for reversal depends upon whether the error was preserved." *Hutch v. State*, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996). Error properly preserved by a timely objection to the charge will require reversal "as long as the error is not harmless." *Almanza*, 686 S.W.2d at 171. When the charging error is not preserved, we only reverse for error that was "fundamental," meaning "the error is so egregious and created such harm that [the defendant] 'has not had a fair and impartial trial'—in short 'egregious harm.'" *Almanza*, 686 S.W.2d at 171.

**B.    Analysis**

Appellant argues that the jury charge improperly permitted the jury to convict him without a unanimous verdict. "Texas law requires that a jury reach a unanimous verdict about the specific crime that the defendant committed." *Cosio v. State*, 353 S.W.3d 766, 771 (Tex. Crim. App. 2011). Jury unanimity means "the jury [must] agree upon a single and discrete incident that would constitute commission of the offense alleged." *Stuhler v. State*, 218 S.W.3d 706, 717 (Tex. Crim. App. 2007).

---

[3]    *See also Woodard v. State*, 09-04-00505-CR, 2005 WL 1907001, at *6 (Tex. App.—Beaumont Aug. 10, 2005, pet. ref'd) (mem. op., not designated for publication).

Appellant asserts that one paragraph of the charge allowed the jury to find him guilty of unauthorized use of a vehicle with Granger as the owner while another paragraph of the charge allowed the jury to find him guilty of the offense with Smith as the owner. Appellant argues that, because both paragraphs existed in the charge, some of the jury could have found him guilty with Granger as the owner while the remainder could have found him guilty with Smith as the owner. Even if we agreed with Appellant that the charge written as Appellant suggests would have permitted the jury to convict him without a unanimous verdict, Appellant has not accurately described the relevant portion of the jury charge.

The application portion of the jury charge provides as follows:

> Now bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt that on or about the 30th days of April, 2014, in Orange County, Texas, the defendant BRIAN WAYNE ALLEN, did then and there intentionally and knowingly operate a motor-propelled vehicle to wit: a Chevrolet truck, without the effective consent of the owner, Dean Granger, then you will find the defendant guilty, as charged in the indictment.
> Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will find the defendant not guilty and proceed then to determine whether the defendant is guilty of the offense as alleged in Paragraph Two.

The jury verdict provides, "We, the Jury, find the Defendant, BRIAN WAYNE ALLEN, 'Guilty' of Unauthorized Use of a Vehicle, as charged in the indictment."

The jury charge "must contain an accurate statement of the law and must set out all the essential elements of the offense." *Dinkins v. State*, 894 S.W.2d 330, 339

10

(Tex. Crim. App. 1995); *accord Bradley v. State*, 560 S.W.2d 650, 652 (Tex. Crim. App. 1978). Reference in the charge to the indictment does not satisfy this requirement. *Bradley*, 560 S.W.2d at 652; *Escort v. State*, 621 S.W.2d 608, 609 (Tex. Crim. App. 1981).

The charge's reference to "Paragraph Two"—a reference not explained within the charge—did not properly instruct the jury to consider the offense with Smith as the owner of the truck, then. This presents its own problems, however. "A charge that does not set out all of the essential elements of the offense is fundamentally defective." *Celis v. State*, 416 S.W.3d 419, 423 (Tex. Crim. App. 2013).

The second paragraph of the application portion of the jury charge authorized the jury to consider something. It did not, however, correctly state the applicable law or properly identify the essential elements for what the jury was required to consider within this paragraph. Because the jury was not properly instructed in this second paragraph, then, there is some risk that the jury convicted Appellant on grounds other than required or permitted by law. *See id.*

Ultimately, however, even if Appellant is right that the charge created a risk of a non-unanimous jury verdict or even if second application paragraph improperly authorized the jury to convict on improper grounds, both of these matters are subject to a harm analysis. *See Sanchez v. State*, 209 S.W.3d 117, 121 (Tex. Crim. App. 2006) (performing harm analysis for charge missing certain essential elements of

11

offense); *Cosio v. State*, 353 S.W.3d 766, 777 (Tex. Crim. App. 2011) (performing harm analysis for charge permitting non-unanimous verdict). Here, Appellant did not raise any objections to the charge. So we must review any error for egregious harm. *See Sanchez*, 209 S.W.3d at 121; *Cosio v. State*, 353 S.W.3d at 777.

"Errors that result in egregious harm are those that affect the very basis of the case, deprive the defendant of a valuable right, or vitally affect a defensive theory." *Ngo v. State*, 175 S.W.3d 738, 750 (Tex. Crim. App. 2005) (internal quotations omitted).

> In examining the record to determine whether jury-charge error is egregious, the reviewing court should consider the entirety of the jury charge itself, the evidence, including the contested issues and weight of the probative evidence, the arguments of counsel, and any other relevant information revealed by the record of the trial as a whole.

*Sanchez*, 209 S.W.3d at 121.

We begin by returning to the charge. As quoted, the charge instructed the jury to reach the second paragraph only if it first concluded that it did not find beyond a reasonable doubt that Appellant committed the offense with Granger as the owner of the truck. Absent evidence to the contrary, we presume the jury followed the instructions given in the charge. *Hutch v. State*, 922 S.W.2d 166, 172 (Tex. Crim. App. 1996). This cuts against Appellant's argument that the charge authorized the jury verdict to be non-unanimous.

12

Relevant to the first application paragraph, there was no dispute in the record that the truck was taken without Granger's effective consent or that Granger satisfied the definition of owner under the law. *See* TEX. PENAL CODE ANN. § 1.07(a)(35) (Vernon 2015) ("'Owner' means a person who . . . has . . . a greater right to possession of the property than the actor."). A work order from the dealership showed that Smith had brought the truck to the dealership for repairs. Smith left the truck at the dealership, entrusting the possession of the truck with Granger. The evidence showed that a section of the fence around the service area had been torn down in a manner consistent with someone driving over the fence. The evidence also showed that, after the fence was damaged, Smith's truck was missing from the service-area parking lot. Granger testified that neither he nor any other employee of the dealership authorized anyone to take the truck.

Likewise, during closing arguments, the prosecutor focused almost exclusively on the elements for the offense with Granger as the owner of the truck. He began by emphasizing that, if they found Appellant guilty with Granger as the owner of the truck, "then you're done. You check it right there. You don't even have to move on to Paragraph Two." At the end of his first part of closing arguing, the prosecutor said, "The truck was taken from Granger. The defendant was found in the truck taken from Granger. It's about as simple as that." During the prosecutor's

closing argument, very little attention was given to whether Appellant was guilty with Smith as the owner of the truck.

The only mention of the second paragraph came from Appellant's attorney. He told the jury that the second paragraph would allow the jury to convict Appellant for the same offense except with Smith as the owner of the truck. He mentioned this once, and his only addition to it was to question why Smith had never been called to testify. In contrast, the bulk of Appellant's attorney's argument focused on the credibility of the witnesses identifying Appellant as being present at the scene and the driver of the truck.

As Appellant points out, during voir dire, the prosecutor discussed that two owners for the truck would be identified for the jury to consider. Given how little focus Smith was given for the remainder of the trial, however, we fail to identify much harm that resulted from this.

In consideration of the record as a whole then, the focus of the trial, and the focus of the parties' argument was whether Appellant committed the offense with Granger as the owner. The jury charge instructed the jury to consider, weigh, and resolve that matter before considering the second application paragraph. Considering that there was no conflicting evidence about the offense with Granger as the owner and considering that Granger directly and unequivocally said that the truck was taken without the effective consent of him or any of his employees, we

14

hold that the record does not support a determination that any error in the charge resulted in egregious harm.

We overrule Appellant's second issue.

## Conclusion

We affirm the judgment of the trial court.


Laura Carter Higley
Justice

Panel consists of Justices Higley, Huddle, and Lloyd.

Do not publish.  TEX. R. APP. P. 47.2(b).