rubio v. state

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-477-CR

RONNIE RUBIO A/K/A PASTEUR CRUZ APPELLANT

A/K/A FRANCISCO MENDEZ 

V.

THE STATE OF TEXAS STATE

------------

FROM THE 158TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Appellant Ronnie Rubio, also known as Pasteur Cruz, also known as Francisco Mendez, of two counts of aggravated robbery and sentenced him to twenty-seven years’ confinement for each count.  In seven points, Appellant alleges five jury charge errors and contends that the evidence is legally and factually insufficient to support his conviction.  We affirm.

Factual and Procedural Background

At approximately 3:00 a.m. on January 13, 2003, Keith Moses, Sissy Bellar, Brook Pearson, and Joey Webb parked Bellar’s Lincoln Navigator in the parking lot of a Kroger grocery store.  Moses and Webb went inside the store to purchase food while Bellar and Pearson waited in the Navigator.  As Moses exited the store, he noticed a maroon Honda Accord pull up behind the Navigator and stop.  A man holding a gun got out of the Accord, approached Moses, and commanded him to “get up off the car.”  Moses told the man that the Navigator did not belong to him and that he did not have the keys as he attempted to open the driver’s side door.  When Moses pushed the man with the gun away, the man fired the gun toward Moses.  At this point, Moses told Bellar and Pearson to get out of the Navigator.  Another man, identified at trial as Appellant, opened the passenger door where Bellar was sitting and pulled her out of the Navigator.  Once Bellar and Pearson were out of the Navigator, the men jumped into the Navigator and drove off with the Accord following behind them.  Moses immediately called 911 to report the incident.

Carrollton Police Officer Todd Eubanks received the dispatch requesting his response to the carjacking.  Parked along Interstate 35 South in case the cars headed toward Dallas, Officer Eubanks saw a black sports utility vehicle traveling at eighty-three miles per hour followed by a maroon Honda.  He chased both vehicles until the Navigator exited the highway.  Officer Eubanks continued following the Accord, reaching speeds in excess of one hundred miles per hour.  The chase ended at a Dallas apartment complex when two men jumped out of the car and ran into the complex.  During a search of the complex, two police officers found Marvin Sorto and Juan Montoya sweating heavily with mud on their clothes.  Sorto was arrested for outstanding warrants, and Montoya was released after police determined there was a lack of probable cause to arrest him.  Police recovered the Navigator after a pursuit by the Farmers Branch Police Department ended at another apartment complex in Dallas.

The following day, based on information obtained in an interview with Sorto, Officer Gary Fernandez identified Sorto, Appellant, Montoya, and Edwin Barrera as additional suspects.  On January 16, Fernandez questioned Appellant about the incident.  Although Appellant initially denied involvement, he eventually signed a written confession admitting that he took part in the carjacking.  Barrera and Montoya also confessed.  Appellant claims that he did not know Barrera had a gun until Barrera pulled it out and aimed it at Moses.  At trial, however, Montoya testified that Appellant had the gun when they pulled into the Kroger parking lot.  Montoya claimed that when Barrera asked for the gun, Appellant, who was sitting in the front passenger seat of the car, retrieved the gun from under his seat and handed it to Barrera.

At the close of evidence, Appellant asked the trial court to include a lesser included offense instruction on robbery.  The trial court granted Appellant’s request on the charge alleging aggravated robbery of Bellar and denied Appellant’s request on the charge alleging aggravated robbery of Moses. A jury found Appellant guilty on two counts of aggravated robbery and sentenced him to twenty-seven years’ confinement for each count.  This appeal ensued.

Sufficiency of the Evidence

In Appellant’s first two points, he argues that the evidence was legally and factually insufficient to support his conviction for aggravated robbery because there was no evidence that Appellant used a gun in the robbery, and the only evidence that Appellant was aware that a gun would be used during the robbery came from the uncorroborated testimony of an accomplice.  
In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Burden v. State
, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001).  This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789.  When performing a legal sufficiency review, we may not sit as a thirteenth juror, re-evaluating the weight and credibility of the evidence and, thus, substituting our judgment for that of the fact finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).  When we are faced with a record that supports conflicting inferences, we “must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflict in favor of the prosecution, and must defer to that resolution.”  
Matson v. State
, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991).

In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party.  
See Zuniga v. State
, No. 539-02, 2004 WL 840786, at *4 (Tex. Crim. App. Apr. 21, 2004).  The only question to be answered in a factual sufficiency review is whether, considering the evidence in a neutral light, the fact finder was rationally justified in finding guilt beyond a reasonable doubt.  
Id
.
 at *7.  There are two ways evidence may be factually insufficient:  (1) the evidence supporting the verdict or judgment, considered by itself, is too weak to support the finding of guilt beyond a reasonable doubt; or (2) when there is evidence both supporting and contradicting the verdict or judgment, weighing all of the evidence, the contrary evidence is so strong that guilt cannot be proven beyond a reasonable doubt.  
Id
.  “This standard acknowledges that evidence of guilt can ‘preponderate’ in favor of conviction but still be insufficient to prove the elements of the crime beyond a reasonable doubt.”  
Id
.  In other words, evidence supporting a guilty finding can outweigh the contrary proof but still be insufficient to prove the elements of an offense beyond a reasonable doubt.  
Id
. In performing a factual sufficiency review, we are to give deference to the fact finder’s determinations, including determinations involving the credibility and demeanor of witnesses.  
Id.
 
at *4; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for that of the fact finder’s.  
Zuniga, 
2004 WL 840786, at *4.  

A proper factual sufficiency review requires an examination of all the evidence.  
Id
. at *7, 9.  An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

Appellant was charged with aggravated robbery as a principal.  We agree with Appellant that the record before us does not reflect any evidence that he actually used or exhibited a deadly weapon in the course of committing the robbery.  Consequently, we must determine whether the evidence supports Appellant’s conviction under the law of parties.  Section 7.02(a)(2) of the Texas Penal Code provides that a person is criminally responsible for another person’s conduct if, “acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense.”  
Tex. Penal Code Ann.
 § 7.02(a)(2) (Vernon 2003).  Standing alone, proof that an accused was present at the scene of the crime or assisted the primary actor in making his getaway is insufficient
.  Scott v. State
, 946 S.W.2d 166, 168 (Tex. App.—Austin 1997, pet. ref'd).  The evidence must show that at the time of the offense the parties were acting together, each contributing some part toward the execution of their common purpose.  
Brooks v. State
, 580 S.W.2d 825, 831 (Tex. Crim. App. [Panel Op.] 1979); 
Armstead v. State
, 977 S.W.2d 791, 797 (Tex. App.—Fort Worth 1998, pet. ref'd).  Evidence is legally sufficient to convict under the law of parties when the defendant is physically present at the commission of the offense and encourages its commission by acts, words, or other agreement.  
Barnes v. State
, 56 S.W.3d 221, 238 (Tex. App.—Fort Worth 2001, pet. ref'd).  Whether an accused participated as a party to an offense may be determined by examining the events occurring before, during, and after the commission of the offense and by examining the actions of the accused that show an understanding and common design to commit the offense.  
Beier v. State
, 687 S.W.2d 2, 4 (Tex. Crim. App. 1985); 
Armstead
, 977 S.W.2d at 797.  

Appellant contends that he is not criminally responsible for the aggravating element of the charge because the evidence did not establish that he acted as a party in the use or exhibition of the gun.  According to Appellant, the only evidence supporting his knowledge of the gun prior to its use by Barrera is the uncorroborated testimony of his accomplice in the crime.  Appellant recognizes in his brief that it is not necessary to have specific nonaccomplice testimony connecting the accused to the use of the deadly weapon in order to support a deadly weapon finding.  Appellant nevertheless argues that the present case is not unlike the facts considered by this court in 
Wooden v. State
.  101 S.W.3d 542, 546 (Tex. App.—Fort Worth 2003, pet. ref’d).  In 
Wooden
, the defendant was convicted as a party to an aggravated robbery.  
Id
.  On review, we held that there was no evidence in the record that the appellant knew there was a gun in the car or that he aided or encouraged a co-defendant to threaten the victim with a gun.  
Id
. at 548.  Here, the record contains evidence that Appellant knew about the existence of the gun.  Montoya testified that Appellant handed the gun to Barrera before the robbery occurred.  Furthermore, Appellant admitted in his confession that he continued his participation in the robbery even after Barrera fired the gun.  Barrera’s confession, written in Spanish and then translated into English, states in pertinent part:

ONE OF THE GUYS GOT OUT A GUN WHICH I DID NOT KNOW THEY HAD AND AIMED IT WITH THE DRIVER, AND THEN FIRED.  SO, EVERYONE GOT OUT THEN I GOT IN WITH HIM ON THE PASSANGER’S SIDE OF THE NAVIGATOR. . . . 

. . . .

WHEN THE GUY EDWIN FIRED THE GUN I WAS TELLING MARVIN TO MOVE THE HONDA BECAUSE IT WAS BLOCKING THEM SO HE MOVED AND EDWIN REVERSED AND THEN WHEN HE WAS GOING WAS WHEN I GOT IN THE NAVIGATOR.

Bellar testified that 
after 
Barrera fired the gun, Appellant stated, “Bitch, get out of the car” and pulled her out of the car.  With Barrera driving and Appellant in the front passenger seat, the two men drove off in the Navigator and the other two men followed in the Accord.  Officer Fernandez testified that Appellant “was originally in the front passenger’s seat, but our evidence shows that at one point, he was in the back seat removing” television monitors from the headrests of the seats.  Unlike the facts in 
Wooden
, there is ample evidence in the record before us that Appellant knew about the gun and nevertheless continued his participation in the robbery.  
See Escobar v. State
, 28 S.W.3d 767, 774 (Tex. App.—Corpus Christi 2000, pet. ref’d) (holding that a rational trier of fact could have concluded that the defendant, by entering a getaway vehicle with stolen merchandise while the co-defendant pointed a gun at the victim, knew of the gun and intended to promote or assist in an aggravated robbery.)

Citing 
Scott
, Appellant argues that his participation in the robbery after Barrera fired the gun does not rise to the level of criminal responsibility because “merely assisting the primary party in making a getaway is insufficient.”  946 S.W.2d at 168.  In 
Scott
, the defendant admitted driving his companions to a certain location where, without his knowledge, they committed aggravated robbery.  
Id
. at 167.  The defendant waited for his companions in the car, then drove them away.  
Id
. at 168-70.  Afterwards, the companions told the defendant what they had done and gave him some of the money that they stole from the victims. 
 Id
.  The evidence in 
Scott 
did not suggest that the defendant had prior knowledge of his passengers' intent or that the defendant knowingly assisted his passengers in the offense.  
See id
.  We disagree that Appellant's case is comparable to 
Scott
.  Here, the record contains evidence that Appellant knew that his co-defendants were stealing the Navigator.  In fact, the evidence reflects that Appellant actively participated in the robbery by pulling Bellar out of the car and attempting to remove the television moniters from the headrests even after Barrera fired the gun.    The fact finder is entitled to judge the credibility of the witnesses and may choose to believe all, some, or none of the testimony presented.  
See Chambers v. State
, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).  Viewing all the evidence in the light most favorable to the conviction, a rational trier of fact could find beyond a reasonable doubt that Appellant knew about the gun.  Viewing all the evidence neutrally, the State’s evidence is neither so obviously weak nor so greatly outweighed by contrary proof as to undermine confidence in the jury’s determination.  We therefore conclude that the evidence supporting Appellant’s conviction for aggravated robbery is legally and factually sufficient.  We overrule Appellant’s first and second points.     

Lesser Included Offense 

In Appellant’s third point, he contends that the trial court improperly denied his request for a lesser included offense instruction on robbery in the jury charge in reference to the alleged aggravated robbery of Moses.  To determine whether a jury must be charged on a lesser included offense, we apply a two-step analysis.  
Moore v. State
, 969 S.W.2d 4, 8 (Tex. Crim. App. 1998).  The first step is to decide whether the offense is a “lesser included offense” as defined in article 37.09 of the code of criminal procedure.  
Tex. Code Crim. Proc. Ann.
 art. 37.09 (Vernon 1981); 
Moore
, 969 S.W.2d at 8.

A lesser included offense is defined both in terms of the offense charged and the facts of the case:  “An offense is a lesser included offense if . . . it is established by proof of the same or less than all the facts required to establish the commission of the offense charged.”  
Tex. Code Crim. Proc. Ann
. art. 37.09(1).  Therefore, our analysis of whether an offense is a lesser included offense of the charged offense must be made on a case-by-case basis.  
Bartholomew v. State
, 871 S.W.2d 210, 212 (Tex. Crim. App. 1994); 
Day v. State
, 532 S.W.2d 302, 315-16 (Tex. Crim. App. 1976) (op. on reh'g).  It does not matter if the charged offense can be established on a theory that does not contain the lesser offense; the issue is whether the State, when presenting its case to prove the offense charged, also includes proof of the lesser included offense as defined in article 37.09.  
Bartholomew
, 871 S.W.2d at 212; 
Broussard v. State
, 642 S.W.2d 171, 173 (Tex. Crim. App. 1982).

The second step requires an evaluation of the evidence to determine whether there is some evidence that would permit a rational jury to find that the defendant is guilty only of the lesser offense, and not of the greater.  
Feldman v. State
, 71 S.W.3d 738, 750 (Tex. Crim. App. 2002); 
Moore
, 969 S.W.2d at 8.  The evidence must be evaluated in the context of the entire record.  
Moore
, 969 S.W.2d at 8.  There must be some evidence from which a rational jury could acquit the defendant on the greater offense while convicting him of the lesser included offense.  
Id.
  The court may not consider whether the evidence is credible, controverted, or in conflict with other evidence.  
Id.
  If there is evidence from any source that negates or refutes the element establishing the greater offense, or if the evidence is so weak that it is subject to more than one reasonable inference regarding the aggravating element, the jury should be charged on the lesser included offense.  
Schweinle v. State
, 915 S.W.2d 17, 19 (Tex. Crim. App. 1996); 
Saunders v. State
, 840 S.W.2d 390, 391-92 (Tex. Crim. App. 1992).

A person commits the offense of robbery if the person, in the course of committing a theft offense, intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.  
Tex. Penal Code Ann.
 § 29.02(a)(2) (Vernon 2003).  Aggravated robbery occurs if the person commits a robbery and uses or exhibits a deadly weapon.  
Id
. § 29.03(a)(2).  The State does not dispute that the offense of robbery is a lesser included offense of aggravated robbery.  
See Reed v. State
, 117 S.W.3d 260, 263 (Tex. Crim. App. 2003).  Rather, the State argues that there is no more than a scintilla of evidence in the record that would permit a rational jury to find that Appellant was guilty only of robbery. 

 Appellant was prosecuted as a principle to the aggravated robbery. Complicity law under the Texas Penal Code mandates:

a) A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both.  

b) Each party to an offense may be charged with commission of the offense.

Tex. Penal Code Ann.
 § 7.01(a)-(b) (Vernon 2003).  At trial, Appellant’s attorney argued that without Montoya’s accomplice testimony, there is no evidence Appellant knew that Barrera had a gun or that a gun would be used in the commission of the robbery.  Appellant, however, admitted in his confession that he continued his participation in the robbery even after Barrera fired the gun.  On this record, the trial court committed no error in refusing to submit an instruction on the lesser included offense of robbery because there is no affirmative evidence from which that offense could have been a rational alternative to the greater charged offense.  Appellant’s third point is overruled. 

Jury Charge

Appellant’s fourth point of error contends that the trial court erred by including two victims in one application paragraph regarding the law of parties.  Appellant asserts that the jury charge should have contained two separate law of parties paragraphs—one for each count of aggravated robbery.  In Appellant’s fifth point of error, he argues that the charge does not specifically require any culpable mental state on the part of Barrera, the primary actor in the offense.  Appellant’s sixth point of error complains that the trial court’s failure to set out the elements of the offense in the jury charge allowed the jury to convict Appellant of aiding and abetting an aggravated robbery even if it found that he only promoted, assisted, encouraged, or aided another person in committing either the theft aspect of the aggravated robbery or the weapons  portion of the charge, but not both.  Appellant cites no authority in support of the proposition that any of these three aspects of the jury charge constitutes error.  If a party provides no argument or legal authority to support its position, we may properly overrule the issue or point as inadequately briefed.  
Tex. R. App. P.
 38.1(h); 
Tong v. State,
 25 S.W.3d 707, 710 (Tex. Crim. App. 2000), 
cert. denied,
 532 U.S. 1053 (2001);
 Mosley v. State,
 983 S.W.2d 249, 256 (Tex. Crim. App. 1998), 
cert. denied
, 526 U.S. 1070 (1998) (op. on reh’g).  Nevertheless, we note that Appellant’s fifth point of error asserting that the jury charge did not specifically require any culpable mental state on the part of Barrera disregards the fact that the culpable mental state for aggravated robbery was defined in the abstract paragraphs.  The jury charge instructed that in order to find Appellant guilty as a party to aggravated robbery, they were required to find that Appellant “solicited, encouraged, directed, aided or attempted to aid Edwin Barrera (Martinez) in committing the offense, 
and the said Edwin Barrera (Martinez) did commit the offense
.” [emphasis added.]  The culpable mental state required for aggravated robbery is accurately defined in the abstract paragraph as “in the course of committing theft . . . and with intent to obtain or maintain control of the property of another, he intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.”  Moreover, Appellant’s sixth point claiming that the jury charge did not set out the elements of the offense is meritless.  The jury charge reflects that the jury was well-instructed on the elements of aggravated robbery and the law of parties.  We overrule Appellant’s fourth through sixth points of error.  

Appellant’s seventh and final point of error complains that the jury charge “did not define what ‘offense’ it alleged Barrera to have committed.”  Citing 
Bradley v. State
, Appellant argues that a mere reference in the charge allowing a defendant’s conviction for an offense “as set forth in the indictment” does not meet the requirement that the charge must set forth the specific elements of the offense.  560 S.W.2d 650, 652 (Tex. Crim. App. 1978).  In 
Bradley
, the Texas Court of Criminal Appeals held that the jury charge at issue was fundamentally defective because it allowed the jury to convict the appellant of 
aggravated robbery 
if it found that the appellant encouraged, directed, or aided another person to commit the offense of 
theft
. 
 Id
.  Here, the jury charge sets forth the specific elements of aggravated robbery.  Accordingly, 
Bradley 
does not apply to the present case.  

Appellant additionally relies on this court’s decision in 
Woods v. State
.  749 S.W.2d 246, 248 (Tex. App.—Fort Worth 1988, no pet.), 
cert. denied
, 519 U.S. 1119 (1996).  In 
Woods
, we held that a jury charge was fundamentally defective because it allowed the jury to convict the appellant of theft without finding that the taking was without the owner’s consent—an essential element of theft.  
Id
.  An indictment for theft which does not allege that the taking was without the owner's effective consent is fundamentally defective. 
 Id
.  The jury charge at issue in the present case instructs the jury that it must determine whether Barrera committed “the offense.”  The charge states that “the offense” is “aggravated robbery . . . as charged in the indictment”; and, as we previously noted, the jury charge also properly sets forth the elements of aggravated robbery.  

Appellant’s third and final argument in support of his seventh point, asserts that the jury charge does not contain facts that show how Appellant acted as a party to the offense of aggravated robbery.  The application paragraph states,

Therefore, if you believe from the evidence beyond a reasonable doubt that the defendant, RONNIE RUBIO ALSO KNOWN AS PASTEUR CRUZ ALSO KNOWN AS FRANCISCO MENDEZ, on or about the 13th day of January, 2003, either by his own conduct, or by acting with intent to promote or assist the commission of the offense of the AGGRAVATED ROBBERY of Keith Moses or Sissy Bellar, as charged in the indictment (hereinafter referred to as “the offense”), solicited, encouraged, directed, aided or attempted to aid Edwin Barrera (Martinez) in committing the offense, and the said Edwin Barrera (Martinez) did commit the offense, then you will find the defendant, RONNIE RUBIO ALSO KNOWN AS PASTEUR CRUZ ALSO KNOWN AS FRANCISCO MENDEZ, guilty of AGGRAVATED ROBBERY of Keith Moses or Sissy Bellar, as charged in the indictment.

A proper charge of the law of parties includes both an abstract definition and an application paragraph.  
See McFarland v. State
, 928 S.W.2d 482, 515 (Tex. Crim. App. 1996).  Reversible error occurs when the evidence raises an issue on the law of parties and the application paragraph contains no application of the law of parties to the facts.
  Chatman v. State
, 846 S.W.2d 329, 331-32 (Tex. Crim. App. 1993).  A perfect charge is not necessary, however, as long as the charge adequately applies the law of parties to the facts. 
 See id
. at 332. “If a defendant desires a more explicit application of a particular method of acting as a party, it is his burden to request such or object to the charge.”  
Villareal v. State
, 116 S.W.3d 74, 83 (Tex. App.—Houston [14th Dist.] 2001, no pet.) (quoting 
Chatman
, 846 S.W.2d at 332).  Absent such an objection or request, the trial court does not err by submitting a general application of the law of parties to the facts.  
Id
.  Applying that standard, we conclude that the jury charge adequately applies the law of parties to the facts
.  
We overrule Appellant’s seventh point.  

Conclusion

Having overruled each of Appellant’s seven points of error, we affirm the trial court’s judgment.  

PER CURIAM

PANEL B: HOLMAN, DAUPHINOT, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  August 25, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.