**Charles Napoleon WOODS, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–86–282–CR.**

Court of Appeals of Texas, Fort Worth.

April 7, 1988.

Rehearing Denied May 19, 1988.

Gossom, Cotton & Knight and Thomas C. Cotton, Wichita Falls, for appellant.

Barry L. Macha, Criminal Dist. Atty., and Jeanmarie Baer, Asst. Crim. Dist. Atty., Wichita County, for State.

Before JOE SPURLOCK, II, HILL and LATTIMORE, JJ.

## OPINION

JOE SPURLOCK, II, Justice.

Appellant, Charles Napoleon Woods, was convicted by a jury of the offense of aggravated robbery. *See* TEX.PENAL CODE ANN. sec. 29.03 (Vernon 1974). The jury assessed punishment at fifteen years in the Texas Department of Corrections.

We reverse and remand.

On the morning of July 12, 1986, two men robbed a convenience store clerk. One man, who was wearing a ski mask, pointed a shotgun at the store clerk. Both men took money from the cash register and took the registers coin tray with them. An off-duty policeman saw the two men get into a silver-colored car and drive away.

After the policeman heard over his car radio that an aggravated robbery had just occurred at the convenience store, he radioed the dispatcher and gave a description of the men and the car. Three other policemen stopped the car about ten minutes later after observing that the car matched the description dispatched over the radio. After seeing a large amount of coins and a ski mask in plain view in the car, the policemen arrested the three black men who were in the car. Appellant was driving the car. When the police retraced the route taken by the car driven by appellant, they found the shotgun used in the robbery and the convenience store coin tray. The State relied on the law of parties to obtain appellant's conviction.

In points of error one through six, appellant contends that the trial court erred in overruling appellant's objection to the charge because the charge allowed the jury to improperly convict appellant of aggravated robbery and it improperly applied the law of parties to the facts of the case. Appellant also argues that the trial court erred in refusing to submit appellant's requested charge. The charge the court submitted to the jury was, in pertinent part, as follows:

Now bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt, that on or about the 12th day of July, 1986, in Wichita County, Texas, the Defendant, Charles Napoleon Woods, acting with the intent to promote or assist the commission of the offense of theft, encouraged, directed or aided another person to commit the offense of theft described next hereinabove, and that said person did intentionally or knowingly threaten or place Kenneth Carlton in fear of immi-

nent bodily injury or death, and that said person did then and there use or exhibit a deadly weapon, to wit: a shotgun, you will find the Defendant, Charles Napoleon Woods, guilty of aggravated robbery, and so say by your verdict, but if you do not so believe, or if you have a reasonable doubt thereof, you will acquit the Defendant and so say by your verdict not guilty.

Appellant requested that the following paragraph concerning the law of parties be included in the charge:

Now bearing in mind the foregoing instructions, if you find from the evidence beyond a reasonable doubt that on or about the 12th day of July, 1986, in Wichita County, Texas, a person intentionally and knowingly, while in the course of committing theft of property of Kenneth Carlton and with the intent to obtain or maintain control of said property, threatened or placed Kenneth Carlton in fear of imminent bodily injury or death and the said person did then and there use or exhibit a deadly weapon, to-wit: a shotgun, and you further find from the evidence beyond a reasonable doubt that the Defendant, Charles Napoleon Woods, acting with the intent to promote or assist the commission of the offense, encouraged, directed or aided said person to commit the offense of aggravated robbery, you will find the Defendant, Charles Napoleon Woods, guilty of aggravated robbery, and so say by your verdict. But if you have—pardon me; I think that's a comma—but if you do not so find or if you have a reasonable doubt thereof, you will acquit the Defendant and say by your verdict not guilty.

Appellant argues that the court's charge constituted an improper application of the law of parties in the case and that the charge was erroneous because it did not require the jury to find that appellant encouraged, directed, or aided another person to commit the offense of aggravated robbery. Instead, the instruction submitted permitted conviction if the jury found appellant had only encouraged, *directed* or *aided* another person to commit the *offense*

*of theft.* Appellant contends that his requested instruction was proper because it required the jury to find that he had encouraged, directed or aided another person to commit the *offense of aggravated robbery.* The charge given allowed the jury to convict him of aiding and abetting an aggravated robbery even though the jury was required only to find he had aided and abetted for the offense of theft.

■ Under the law of parties, a person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both. *See* TEX.PENAL CODE ANN. sec. 7.01(a) (Vernon 1974). Section 7.02 of the Texas Penal Code sets out the requirements which must be proven before a person may be held criminally responsible for an offense committed by another person. The court charged appellant under section 7.02(a)(2) which provides in pertinent part:

(a) A person is criminally responsible for an offense committed by the conduct of another if:

(2) acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense;

.        .        .        .        .

TEX.PENAL CODE ANN. sec. 7.02(a)(2) (Vernon 1974).

■ In order to convict appellant of aggravated robbery under section 7.02(a)(2) the State had to prove that appellant aided and abetted as to each element of *the offense of aggravated robbery. See Stephens v. State,* 717 S.W.2d 338, 340–41 (Tex.Crim.App.1986). However, the court's charge permitted the jury to convict appellant of aggravated robbery if they found that he had only promoted, assisted, encouraged, or aided another person to commit *the offense of theft.* As Judge Clinton noted in *Stephens,* a different result might have occurred in that case if the State had charged appellant therein under sec. 7.02(b). *Id.* at 340. Absent that charge herein, we likewise find no authority by which to transform appellant's intent to

commit theft to an intent to commit aggravated robbery. Appellant's requested charge substantially tracked the jury charges on the law of parties recommended in P. McClung, JURY CHARGES FOR TEXAS CRIMINAL PRACTICE, sec. 7.01 (1988) and in 8 C. McCormick & T. Blackwell, TEXAS CRIMINAL FORMS AND TRIAL MANUAL, sec. 84.01 (Texas Practice 9th ed. 1985). Further, appellant's requested submission on the law of parties was very similar to a charge on the law of parties given in an aggravated robbery case approved by the Court of Criminal Appeals in *Davis v. State,* 651 S.W.2d 787, 792 (Tex.Crim.App.1983). We hold that the trial court committed error in overruling appellant's objection to the charge and overruling appellant's requested instruction.

■ We next must determine whether the error in the charge requires reversal. The error in the charge, over timely objection in the trial court, requires reversal if such error is "calculated to injure the rights of defendant", which means no more than that there must be *some* harm to the accused from the error. *See Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App. 1984) (opinion on reh'g); TEX.CODE CRIM.PROC.ANN. art. 36.19 (Vernon 1981). In other words, a properly preserved error will call for reversal if the error is not harmless. *Almanza,* 686 S.W. 2d at 171.

In making this determination, "the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *Id.* The purpose of this review is to illuminate the actual, not just theoretical, harm to the accused. *Id.* at 174.

We note the charge authorized the jury to convict appellant of aggravated robbery upon a finding he was a party to the offense of theft only. The punishment range for aggravated robbery, a first degree felo-

ny, is five years to ninty-nine years or life imprisonment. *See* TEX.PENAL CODE ANN. sec. 12.32 (Vernon Supp.1988). Appellant was assessed fifteen years in the penitentiary, three times the minimum amount under the statute. Additionally, there is no direct evidence linking appellant to the crime except for his presence in the getaway vehicle. There was no identification by the store clerk that appellant was one of the men who robbed him. The off-duty policeman, who saw only two men getting into the car when the robbery occurred, testified that he did not see a third person in the vehicle, yet when it was stopped it was occupied by three black males. In addition, the State's witness, Richard Brown, testified that he committed the robbery of the convenience store and that appellant did not participate in the robbery. We find therefore, that there was some harm to the accused from the error in the court's charge. Appellant's points of error one through six are sustained.

We reverse and remand for a new trial.