NO. 07-05-0380-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



SEPTEMBER 14, 2006


 ______________________________



ELDRIDGE LAVON SHIVERS, JR., APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;



NO. 51,314-A; HONORABLE HAL MINER, JUDGE


_______________________________




Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant, Eldridge Lavon Shivers, Jr., appeals his conviction for robbery and his
punishment, enhanced by two prior felony convictions, of 80 years confinement in the
Institutional Division of the Texas Department of Criminal Justice. Appellant contends that
the trial court committed reversible error by not properly applying the law of parties to the
facts of the case in the charge. We affirm.




Factual and Procedural Background


 On July 1, 2005, the victim, Charles Daniel Cook, was approached by a man,
subsequently identified as appellant. The victim alleged that appellant placed a sharp
object in his back and demanded his money. While the victim was attempting to talk to
appellant, another individual arrived at the side of the victim and placed a hard object
against his back. This second individual advised the victim that he had a gun and
demanded the victim's money. The victim gave the assailants $200. The victim went to
his motel room and called 911. After describing the events to the police, the victim was
called to another motel where he positively identified appellant, who had been detained by
the police, as the man that had placed the sharp object in his back. The second individual
was never identified.

 Appellant was indicted for aggravated robbery, but was convicted of the lesser
included offense of robbery. The trial court submitted the question of appellant's guilt both
as the principal actor and as a party to the offense. Appellant contends that the court's
charge does not properly apply the law of parties to the facts of the case. 

Analysis


 When an appellant objects to the court's charge, our first inquiry is whether there is
any error in the charge as presented to the jury. Hutch v. State, 922 S.W.2d 166, 170
(Tex.Crim.App. 1996).

 In the charge submitted to the jury, the trial court defined robbery and its elements. 
There was no objection to the court's definition of the mens rea and the concept of criminal
responsibility, pursuant to the Texas Penal Code. Tex. Pen. Code Ann. §§ 6.03, 7.01-.02
(Vernon 2005). As appellant was convicted of the lesser included offense of robbery, the
application paragraph for robbery, both as primary actor and as party, are set forth as
follows:

Now if you find from the evidence beyond a reasonable doubt that on or
about the 1st day of July, 2005, in Potter County, Texas, the defendant,
ELRIDGE LAVON SHIVERS, JR., did then and there, while in the course of
committing theft of property, to-wit: good and lawful United States currency,
with the intent to obtain or maintain control of said property, did intentionally
or knowingly threaten or place Charles Cook in fear of imminent bodily injury
or death; or

if you find from the evidence beyond a reasonable doubt, that on or about the
1st day of July, 2005, in Potter County, Texas, an unknown person, did then
and there, while in the course of committing theft of property, to-wit: good and
lawful United States currency, and with intent to obtain or maintain control of
said property, did intentionally or knowingly threaten or place Charles Cook
in fear of imminent bodily injury or death and if you further believe from the
evidence beyond a reasonable doubt that on said date in said County and
State, the defendant, ELDRIDGE LAVON SHIVERS, JR., as a party as that
term is hereinbefore defined, solicited, encouraged, directed, aided or
attempted to aid the said unknown person in the foregoing action by
threatening the said Charles Cook with bodily injury, you will find the said
ELDRIDGE LAVON SHIVERS, JR. guilty of Robbery as charged in the
indictment.


 However, appellant did object to the application paragraph of the court's charge, as
set out above. Appellant contends that this application paragraph is nothing more than an
abstract recitation of the law and should have been tailored to the facts of the case. The
appellant is, however, mistaken in his belief that the referenced charge has not been
sufficiently tailored to the facts of the case. 

 In determining whether an application paragraph is specifically tailored to the facts
of the case, the evidence must be reviewed to determine whether the charge applies the
law to the facts raised by the evidence. See Williams v. State, 547 S.W.2d 18, 20
(Tex.Crim.App. 1977). In other words, does the charge inform the jury of what facts would
constitute proof of the elements of the charged offense. See id.

 The record reveals that the victim testified that appellant was the person who placed
the sharp object into his side and demanded his money. However, during cross-examination, the victim admitted that the police incident report's description of the person
who placed the sharp object into his side did not match appellant, and, in fact, was closer
to the description of the unknown assailant. 

 The victim testified that the person who did not threaten him with the sharp object
threatened him by claiming to have a gun. When this evidence is viewed as a part of the
entire record, the following becomes clear: one actor physically threatened the victim with
imminent bodily injury and demanded money and a second actor expressed a verbal threat
and also demanded money. Therefore, the issue of the status of appellant, as the principal
actor or as a party, was squarely before the jury.

 Appellant claims that the specific threat, by which we assume he means the specific
language used, should have been included in the application paragraph. However,
appellant does not cite us any cases where this type of charge has been required or
approved. In reviewing the law of charges and, specifically the requirement that the
application paragraph fit the facts of the case, charges similar to the charge given in this
case have been approved by the Texas Court of Criminal Appeals and Texas Courts of
Appeals. See Davis v. State, 651 S.W.2d 787, 792 (Tex.Crim.App. 1983); Woods v. State,
749 S.W.2d 246, 247-48 (Tex.App.-Fort Worth 1988, no writ) (reversed for failure to give
requested application paragraph containing general allegation of encouraging principal
actor with intent to promote or assist the offense of aggravated robbery). Accordingly, we
conclude that the charge presented to the jury properly applied the law to the evidence
presented in the case and was, therefore, not error. 

Conclusion


 Having determined there was no error in the court's charge, the judgment of the trial
court is affirmed. 


 Mackey K. Hancock

 Justice




Do not publish. 




ted
kidnapping and recommended punishment at 30 years confinement in the Institutional
Division of the Texas Department of Criminal Justice. Immediately after dismissing the jury,
the court sentenced appellant to 30 years and ordered appellant to pay court costs as well
as the court appointed attorney fees incurred in his defense. 
          Appellant now appeals the denial of the charge on the lesser included offense of
unlawful restraint as well as the sufficiency of the court order for the reimbursement of the
court appointed attorney fees.


 We reform the judgment and affirm as modified.Denial of Lesser Included Offense Within Charge
          When we review an allegation that the trial court erred in failing to give a requested
lesser included offense charge, we must engage in a two part analysis. Hall v. State, 225
S.W.3d 524, 535 (Tex.Crim.App. 2007). The first part of the analysis is a question of law
where we compare the elements of the offense as alleged in the indictment with the
elements of the potential lesser included offense. Id. The second step in the analysis
requires that we review the evidence to ascertain if there is some evidence in the record
that would permit a jury rationally to find that, if the defendant is guilty, he is guilty only of
the lesser included offense. Id. at 536 (citing Bignall v. State, 887 S.W.2d 21, 23
(Tex.Crim.App.1994)).
          Under the Texas Penal Code and as alleged by the State, the State was required
to prove that, with the intent to inflict bodily harm or terrorize Tammy, appellant intentionally
and knowingly restrained Tammy with the intent to prevent her liberation by secreting or
holding her in a place where she was not likely to be found. See Tex. Penal Code Ann.
§§ 20.01(2), 20.04(a)(4), (5) (Vernon Supp. 2008).


 Appellant contends that the State did
not present more than a scintilla of evidence to show that appellant intended to secrete or
hold Tammy in a place she was not likely to be found. Rather, appellant contends that the
evidence demonstrated, with more than a scintilla of evidence, that appellant’s intent was
to flee the scene of the assault at the convenience store. Therefore, appellant contends
that, at most, appellant was guilty of the offense of unlawful restraint. See § 20.02.
          Under the first prong of the required analysis, the difference between unlawful
restraint and aggravated kidnapping, as alleged, is the intent to prevent Tammy’s liberation
by secreting or holding her in a place where she was not likely to be found.


 A person
commits unlawful restraint “if he intentionally or knowingly restrains another.” See § 20.02. 
A person commits aggravated kidnapping if he intentionally or knowingly abducts another
with the intent to commit bodily injury. See § 20.04(a)(4). “Abduct” is defined as restraining
a person with intent to prevent her liberation by secreting or holding her in a place where
she is not likely to be found. § 20.01(2). Therefore, we conclude that unlawful restraint is
a lesser included offense of aggravated kidnapping. See Jenkins v. State, 248 S.W.3d 291,
298-99 (Tex.App.–Houston [1st Dist.] 2007, pet. ref’d). 
          However, appellant has narrowed his complaint by contending that the evidence
established that his intent was not to hold Tammy in a place where she is not likely to be
found, but rather, that his intent was to flee from the convenience store to avoid capture for
his assault on Tammy. In order for appellant to be entitled to a lesser included offense
charge, there must be some evidence that would permit a rational jury to find that, if
appellant is guilty, he is guilty only of unlawful restraint. Hall, 225 S.W.3d at 536. As
presented by appellant, there must be some evidence that would negate the element
raising the lesser included offense to the greater charged offense. Jenkins, 248 S.W.3d
at 298. However, even if appellant is correct that some of the evidence demonstrated
appellant’s intent to flee, this does not negate his intent to abduct. Even by appellant’s own
argument that he sought to flee from the store to avoid capture, he was doing so by
attempting to reach a location where he could not be found. However, in his attempt to
avoid capture, all the evidence at trial showed that appellant forced Tammy to go with him. 
Therefore, by seeking a location where he could not be found and by forcing Tammy to go
with him, he was taking Tammy to a location where it was likely that she would not be
found. Therefore, we conclude that, even were we to believe appellant’s contention that
appellant was intending to flee, there is no evidence that negates the element of abduction,
which is the element raising the lesser included offense of unlawful restraint to the greater
charged offense of aggravated kidnapping. Jenkins, 248 S.W.3d at 299. We overrule
appellant’s first issue.
Determination of ability to pay court appointed fees
          Under article 26.05(g) of the Texas Code of Criminal Procedure, the trial court has
authority to order reimbursement of appointed attorney fees if the court determines that a
defendant has financial resources that enable him to offset, in part or in whole, the costs
of the legal services provided. See Tex. Code Crim. Proc. Ann. art. 26.05(g) (Vernon
Supp. 2007). However, the record before us does not contain any such determination or
finding by the trial court that appellant had any financial resources or was “able to pay” the
appointed attorney fees. 
          The record does reflect that appellant filed, preindictment, an affidavit of financial
status showing that he was unemployed and supporting himself on governmental benefits
and that the trial court appointed trial counsel to assist appellant during the trial for the
offense. Appellant filed a pro se notice of appeal on October 3 and an affidavit of financial
status on October 12. On October 17, 2007, District Judge Ed Self, the appointing
authority for the district courts of Swisher County, appointed appellate counsel to assist
appellant in the presentment of his appeal. Therefore, there is an absence of evidence to
demonstrate that, at the conclusion of the trial, appellant was “able to pay” or had financial
resources that would enable appellant to offset, in part or in whole, the costs of the legal
services provided to him. Rather, the evidence demonstrates that, before trial and within
two months of the conclusion of the trial, appellant was indigent and qualified for court
appointed counsel. Furthermore, after the completion of the cause, on August 22, 2007,
appellant was remanded to the Swisher County Sheriff’s Office to await the time until
appellant could be transported to the Texas Department of Criminal Justice, Institutional
Division, to serve his sentence and presumably had no sources of income. Without
evidence to demonstrate appellant’s financial resources to offset the costs of the legal
services, the trial court erred in ordering reimbursement of appointed attorney fees. See
art. 26.05(g); Slaughter v. State, Nos. 2-04-050-CR, 2-04-051-CR, 2005 WL 183142, at *3-*5 (Tex.App.–Fort Worth Jan. 27, 2005, no pet.) (not designated for publication). 
Accordingly, we modify the judgment to delete the following paragraph:
Furthermore, the following special findings or orders apply:
Defendant is ordered to repay attorney fees in the amount of $2,850.00 to
Swisher County, Texas.
 
 
ConclusionHaving overruled appellant’s first issue but having sustained appellant’s second
issue regarding repayment of appointed attorney fees, we modify the trial court’s judgment,
as identified above, and affirm the judgment as modified.
 
                                                      Mackey K. Hancock
                                                                Justice

Publish.