ACCEPTED
03-15-00247-CR
5924535
THIRD COURT OF APPEALS
AUSTIN, TEXAS
7/2/2015 3:20:31 PM
JEFFREY D. KYLE
CLERK

# IN THE THIRD COURT OF APPEALS

## FOR THE STATE OF TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
7/2/2015 3:20:31 PM
JEFFREY D. KYLE
Clerk

KAYLA JEAN LARDIERI,
Appellant

NO. 03-15-00247-CR

V.

THE STATE OF TEXAS,
Appellee

---

## APPELLANT'S BRIEF

---

On appeal from the 207th Judicial District Court of Comal County, Texas
Trial Court Cause No. CR2014-090
Honorable Dib Waldrip, District Judge Presiding

---

Paul A. Finley
State Bar No. 07023300
Reagan Burrus, PLLC
401 Main Plaza, Suite 200
New Braunfels, Texas 78130
Telephone:      (830) 625-8026
Facsimile:       (830) 625-4433
Email:           pfinley@reaganburrus.com

Oral Argument is Respectfully Requested

## IDENTITIES OF PARTIES AND COUNSEL

Pursuant to the provisions of Rule 38.1(a), Texas Rules of Appellate Procedure, a complete list of the names of all parties to this action and counsel are as follows:

Parties:

Kayla Jean Lardieri, Appellant

State of Texas, Appellee

Attorney for the Appellant:

Paul A. Finley
State Bar No. 07023300
Reagan Burrus PLLC
401 Main Plaza, Suite 200
New Braunfels, Texas 78130
Telephone: (830) 625-8026
Facsimile: (830) 625-4433
Email: pfinley@reaganburrus.com

Attorney for the State:

Chari L. Kelly
State Bar No. 24057939
Assistant Criminal District Attorney
150 N. Seguin Avenue, Suite 307
New Braunfels, Texas 78130
Telephone: (830) 221-1300
Facsimile: (830) 608-2008
Email: kellyc@co.comal.tx.us

# TABLE OF CONTENTS

IDENTITIES OF PARTIES AND COUNSEL ........................................... i

TABLE OF CONTENTS ................................................................ ii

INDEX OF AUTHORITIES ............................................................ iii

STATEMENT OF THE CASE ........................................................ 1

STATEMENT REGARDING ORAL ARGUMENT ................................. 1

SUMMARY OF FACTS .............................................................. 3

SUMMARY OF ARGUMENT ....................................................... 10

ISSUE ONE: ............................................................. 7

ISSUE TWO: ............................................................. 11

ISSUE THREE: ............................................................ 15

PRAYER .............................................................................. 19

CERTIFICATE OF COMPLIANCE .............................................. 20

CERTIFICATE OF SERVICE ...................................................... 20

# INDEX OF AUTHORITIES

Amaya v. State, 733 S.W.2d 168 (Tex. Crim. App. 1986) ..............13
Barnes v. State, 56 S.W.3d 221 (Tex. App. – Fort Worth 1998).......17
Beier v. State, 687 S.W.2d 2 (Tex. Crim. App. 1985)..................13, 17
Brooks v. State, 580 S.W. 2d 825 (Tex. Crim. App. 1979) ................9
Everett v. State, 216 S.W.2d 281 (1949)...........................................9
Johnson v. State, 23 S.W.3d 1 (Tex. Crim. App. 2000)........ 10, 12, 18
Lawton v. State, 913 S.W.2d 542 (Tex. Crim. App. 1995).................9
Miranda v. State, 813 S.W.2d 724 (Tex. App. – San Antonio 1991)...9
Woods v. State, 749 S.W.2d 246 (Tex. App. – Fort Worth 1988).....13

## STATUTES AND RULES

Texas Penal Code § 7.02(a)(2).....................................................10
Texas Penal Code § 7.02(b) .......................................................10

Texas Penal Code Ann. § 29.02(a)(2)(Vernon 1994).....................12
Texas Penal Code Ann. § 7.01(a)...........................................13, 17
Texas Penal Code Ann. § 7.02(a)(2)..................................12, 13, 17
Texas Penal Code Ann. § 7.02(b)............................................10, 17

TO THE HONORABLE JUSTICES OF THE THIRD COURT OF APPEALS:

COMES NOW KAYLA JEAN LARDIERI, Appellant in this case, by and through her attorney of record, PAUL A. FINLEY, and, pursuant to the provisions of Tex. R. App. Pro. 38, et. seq., files this brief on appeal.

## STATEMENT OF THE CASE

Appellant was indicted in Cause No. CR2014-090 for the offenses of Attempted Capital Murder, Aggravated Kidnapping, Aggravated Sexual Assault, Aggravated Robbery, and Tampering with Evidence. (CR Vol. 1, p. 6-10). The Appellant entered pleas of Not Guilty to each charge. A jury found Appellant guilty of Aggravated Capital Murder, Aggravated Kidnapping, Aggravated Robbery, and Tampering with Evidence on February 9, 2015. (CR Vol. 1, pp. 12-30). Appellant was acquitted of the offense of the Aggravated Sexual Assault. (CR, Vol. 1, p. 17). The Court assessed punishment at 30 years confinement on the Attempted Capital Murder, Aggravated Kidnapping, and Aggravated Robbery charges and 10 years confinement on the Tampering with Evidence charge. (CR, Vol. 1, pp. 35-47). The convictions and sentences were assessed to run concurrently. (CR Vol. 1, pp. 35-47). Appellant gave notice of appeal on April 28, 2015.

1

## STATEMENT REGARDING ORAL ARGUMENT

Appellant requests oral argument in this case. Oral argument will aid the Court's decisional process in this case.

## ISSUES PRESENTED

ISSUE ONE:   THE EVIDENCE WAS FACTUALLY INSUFFICIENT TO SUPPORT THE CONVICTION OF ATTEMPTED CAPITAL MURDER AGAINST THE APPELLANT.

ISSUE TWO:   THE EVIDENCE WAS FACTUALLY INSUFFICIENT TO SUPPORT THE CONVICTION OF AGGRAVATED ROBBERY AGAINST THE APPELLANT.

ISSUE THREE:  THE EVIDENCE WAS FACTUALLY INSUFFICIENT TO SUPPORT THE CONVICTION OF TAMPERING WITH EVIDENCE AGAINST THE APPELLANT.

2

## SUMMARY OF FACTS

On December 8, 2013, the Comal County Sherri's office was dispatched to a residence at Canyon Lake, Texas, for a woman who had been found naked in a vehicle outside the residence. Sheriff's deputies found the woman manacled by the feet with multiple cuts and lacerations. Upon further investigation, it was learned that the woman had been tasered and cut with knives at a residence across the street from where she was found. She had been wrapped in a sheet naked, handcuffed, hogtied, with a tennis ball gag placed in her mouth, and carried to a locked shed outside the residence where she was left. The woman was able to climb out of a window in the building after removing the handcuffs and crawled across the street where she was found.

It was determined that the Appellant along with four other individuals had some role in the events for which Appellant was indicted. Testimony from multiple witnesses at trial indicated that Appellant was involved in tasering the woman, had brandished a knife at some point in the confrontation with the woman and had participated in the woman being wrapped in the sheet, handcuffed, manacled, and placed in the shed.

Appellant herself testified that she held a knife, that the woman got cut as a result of that, and that Appellant did participate in restraining the victim

3

and assisting in her being placed in the shed. Appellant testified that she never intended to kill the victim and three of the other Co-Defendants each testified that there was no discussion between the Co-Defendants of an intent to kill the victim. The victim herself testified she never heard any discussion between any of the Co-Defendants of an intent to kill her.

After the victim was placed in the shed, the Co-Defendants left the scene. Some of the victim's belongings were taken from the scene by one of the Co-Defendants, Trace Smith. However, there was no testimony that the Defendant participated in the removing of any of the victim's property. Both the Appellant and Co-Defendant, Trace Smith, testified that the Appellant did not remove the victim's property from the premises nor assisted with such removal. Later, Co-Defendant, Trace Smith, took the victim's property to a burn pile and attempted to burn it. Although the Appellant was with Co-Defendant, Trace Smith, at a house at the location of the burn pile, both Appellant and Co-Defendant, Trace Smith, denied that the Appellant participated in or knew that Trace Smith was going to burn the property.

At the conclusion of the presentation of the evidence, the jury convicted Appellant of the charges of Attempted Capital Murder, Aggravated Kidnapping, Aggravated Robbery, and Tampering with Evidence. The jury acquitted Appellant of the charge of Aggravated Sexual Assault. The Court

4

sentenced the Appellant to 30 years confinement on the Attempted Capital Murder, Aggravated Kidnapping, and Aggravated Robbery charges and 10 years confinement on the Tampering with Evidence conviction with the sentences to run concurrently.

## SUMMARY OF ARGUMENT

Appellant was convicted of four offenses, Attempted Capital Murder, Aggravated Kidnapping, Aggravated Robbery, and Tampering with Evidence. Appellant was sentenced to thirty years confinement in the Texas Department of Criminal Justice – Institutional Division with the sentences to run concurrently. Appellant contends that the evidence is factually insufficient to support the convictions on the counts of Attempted Capital Murder, Aggravated Robbery, and Tampering with Evidence.

<u>ISSUE ONE (RESTATED)</u>: THE EVIDENCE WAS FACTUALLY INSUFFICIENT TO SUPPORT THE CONVICTION OF ATTEMPTED CAPITAL MURDER AGAINST THE APPELLANT.

At the trial, the jury was charged with Count I (Attempted Capital Murder). The charge instructed the jury that they could find Appellant guilty of Attempted Capital Murder if they found she attempted to intentionally cause the death of DANA HUTH by stabbing her, striking her with Appellant's hand or by Appellant hitting her with her foot and that the Appellant was in the course of committing or attempting to commit kidnapping. Alternatively, the jury was charged that they could convict the Appellant of Attempted Capital Murder if they found that Appellant entered into a conspiracy with one or more of four individuals to commit Aggravated Kidnapping and in the attempt to carry out said conspiracy one of the conspirators attempted to cause the death of DANA HUTH by the means identified above, that the offense of Attempted Capital Murder was committed in furtherance of the conspiracy to commit Aggravated Kidnapping and that the Appellant should have anticipated that one of conspirators would attempt to intentionally cause the death of DANA HUTH.

There was no testimony during trial that any one of the Co-Defendants ever intended to kill the complainant. One of the Co-Defendants called by the State, SHEENA HOPKINS, testified there was never any discussion

7

between the Co-Defendants about killing the complainant. (R.R. Vol. 4, p. 183). Another Co-Defendant, TRACE SMITH, said the same. (R.R. Vol. 5, p. 39). Another Co-Defendant, HEATHER RICHARDS, echoed that. (R.R. Vol. 5, p. 108). RICHARDS said they just wanted to scare her (R.R. Vol. 5, p. 108) didn't want her to stay around, but to go back home (R.R. Vol. 5, p. 109).

The Appellant testified that she understood that HEATHER RICHARDS just wanted to talk to the complainant and to scare her off. (R.R. Vol. 6, p. 29). The Appellant testified she had no idea what MS. RICHARDS was talking about, like her method to scare her off. (R.R. Vol. 6, p. 30). The Appellant said there was never any discussion between the Co-Defendants about killing the complainant. (R.R. Vol. 6, p. 71). Appellant testified she didn't intend to kill the complainant (R.R. Vol. 6, p. 59). The Appellant said she didn't want the complainant to die. (R.R. Vol. 6, p. 94). The Appellant said she never knew that HEATHER RICHARDS was going to touch the complainant (Vol. 6, p. 102). The investigating detective confirmed that as part of his investigation that from the statements that were taken of the Co-Defendants and the complainant that it was not the intent of the Co-Defendants to kill the complainant. (R.R. Vol. 4, p. 123). The complainant

8

herself never indicated she heard any discussion about the Co-Defendants intending to kill her.

In order to establish liability as a party for the conduct of another for the conduct of another in addition to the illegal conduct by the primary actor, it must be shown that the accused harbored the specific intent to promote or assist the commission of the offense, i.e., murder. Lawton v. State, 913 S.W.2d 542 (Tex. Crim. App. 1995). The accused must know he was assisting in the commission of the offense. Amaya v. State, 733 S.W.2d 168 (Tex. Crim. App. 1986). The Court has required a higher level of complicity for those denoted as parties as opposed to primary actors. Amaya, Id. Further, there must be an agreement between parties before or contemporaneous with the criminal event to make one liable as a party. Miranda v. State, 813 S.W.2d 724 (Tex. App. – San Antonio 1991). There must be a common design to do a criminal act to make one culpable as a party. Everett v. State, 216 S.W.2d 281 (1949); Brooks v. State, 580 S.W. 2d 825 (Tex. Crim. App. 1979).

In a review of factual sufficiency of the evidence, the evidence is viewed in a neutral light and set aside if "proof of guilt" is so obviously weak as to undermine confidence in the jury's determination, or the proof of guilt,

although adequate if taken alone, is greatly outweighed by contrary proof. Johnson v. State, 23 S.W.3d 1 (Tex. Crim. App. 2000).

There was insufficient evidence from the record to support a conviction against the Appellant for Attempted Capital Murder either by her own conduct or by the conduct of another for which she would be criminally responsible under § 7.02(a)(2) of the Texas Penal Code. Further, there was insufficient evidence to support a conviction on the theory that Appellant should have anticipated that one of the conspirators would attempt to kill the complainant as an alternative charge under § 7.02(b) of the Texas Penal Code.

<u>ISSUE TWO (RESTATED)</u>: THE EVIDENCE WAS FACTUALLY INSUFFICIENT TO SUPPORT THE CONVICTION OF AGGRAVATED ROBBERY AGAINST THE APPELLANT.

At trial, the jury was charged with Count IV (Aggravated Robbery). The charge instructed the jury that they could convict the Appellant if they found that while in the course of committing theft and with intent to obtain or maintain control of property, the Appellant either intentionally or knowingly did threaten or place DANA HUTH in fear of death or imminent bodily injury and that the Appellant used a deadly weapon, to-wit, a knife, or did intentionally or knowingly or recklessly caused serious bodily injury to DANA HUTH by stabbing her with a knife, striking her with the hand of Appellant, or by hitting her with the foot of Appellant. Alternatively, the jury was charged that they could convict Appellant with Aggravated Robbery if they found that Appellant entered into a conspiracy with at least one of four people named in the charge to commit Aggravated Kidnapping and in the attempt to commit this conspiracy one or more of the conspirators committed Aggravated Robbery as defined previously in furtherance of the conspiracy and the Appellant should have anticipated that Aggravated Robbery would be committed by the co-conspirators.

Appellant testified that she didn't intend to rob the complainant and didn't intend to put any of complainant's items in a bed sheet that was carried

11

from the trailer (R.R. Vol. 6, p. 59). The Appellant said she never had the phone, clothes, or backpack of the complainant (R.R. Vol. 6, p. 105). TRACE SMITH said he was the only one who hauled away anything of the complainant's from the crime scene and that there was never any discussion with the Appellant about removing the complainant's backpack from the trailer. (R.R. Vol. 5, p. 42). SMITH said the Appellant took nothing of the complainant's from the trailer. (R.R. Vol. 5, p. 44).

In a review of factual sufficiency of the evidence, the evidence is viewed in a neutral light and set aside if "proof of guilt" is so obviously weak as to undermine confidence in the jury's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. Johnson v. State, 23 S.W.3d 1 (Tex. Crim. App. 2000).

The Texas Penal Code defines Robbery as: "A person commits an offense if, in the course of committing theft and with intent to obtain or maintain control of the property, he intentionally or knowingly threatens or places another in fear of imminent bodily injury or death." Texas Penal Code Ann. § 29.02(a)(2)(Vernon 1994). The offense becomes aggravated if the person "uses or exhibits a deadly weapon." Id. § 29.03(a)(2).

A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is

12

criminally responsible, or by both. Texas Penal Code Ann. § 7.01(a). A person is criminally responsible for another person's conduct if acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. Texas Penal Code Ann. § 7.02(a)(2).

To convict, a defendant must not only be physically present at the commission of offense but must encourage its commission by acts, words, or other agreement. Barnes v. State, 56 S.W.3d 221 (Tex. App. – Fort Worth 1998). To be convicted as a party, an accused's actions must show an understanding and common design to commit the offense. Beier v. State, 687 S.W.2d 2 (Tex. Crim. App. 1985). To convict for aggravated robbery against one by the conduct of another for which he is criminally responsible, the State must prove that the defendant intended to promote or assist in its commission and solicited, encouraged, directed, aided, or attempted to aid in its commission. Woods v. State, 749 S.W.2d 246 (Tex. App. – Fort Worth 1988).

There was insufficient evidence that the Appellant did anything either directly or as a party to commit theft or otherwise obtain and maintain control of property belonging to the victim to complete a robbery of the victim. Nor is there sufficient evidence that the Appellant should have anticipated that

13

theft would be committed against the complainant. All that the evidence sufficiently supports for culpability against Appellant for this charge is that a deadly weapon, a knife, was used against the victim.

ISSUE THREE (RESTATED):    THE EVIDENCE WAS FACTUALLY INSUFFICIENT TO SUPPORT THE CONVICTION OF TAMPERING WITH EVIDENCE AGAINST THE APPELLANT.

At the trial, the jury was charged with Count V (Tampering with Evidence).  The charge instructed the jury that they could convict Appellant if they found that the Appellant, (1) knowing that an investigation was pending or in progress, alter, destroy, or conceal a thing to-wit:  an iPhone, the clothing of DANA HUTH, the clothing of said Defendant, or dog chain, with intent to impair its verity or availability as evidence in the investigation or (2) did and there, knowing that an offense had been committed, alter, destroy, or conceal a thing, to-wit:  an iPhone, the clothing of DANA HUTH, the clothing of the said Defendant, or dog chain, with intent to impair its verity or availability as evidence in the investigation of or official proceeding related to said offense.  Alternatively, the jury was charged that they could convict the Appellant if they believed that the Appellant entered into a conspiracy with one of four other individuals to commit the offense of Aggravated Kidnapping and in the attempt to carry out the conspiracy one or more of the conspirators knowing that an investigation was pending or in progress or knowing that an offense had been committed, alter, destroy or conceal one of the items listed in the alternative paragraph with intent to impair its verity

15

or availability as evidence in the investigation of or official proceeding related to the offense and the Appellant should have anticipated that one of the co-conspirators would commit such acts.

There was no evidence at trial that the Appellant directly altered, destroyed or concealed evidence. Co-Defendant TRACE SMITH testified that he took the complainant's backpack and the Appellant's clothes and shoes and burned them. (R.R. Vol. 5, p. 36). SMITH testified that he and the Appellant did not talk about burning the clothes and other items. (R.R. Vol. 5, pp. 36-37). SMITH said he hauled things out of the trailer that night and that the Appellant did not haul anything out of the trailer (R.R. Vol. 5, p. 42 and p. 44). SMITH said there was never any discussion by him with the Appellant to remove the complainant's backpack from the trailer. SMITH said he took the stuff out of the complainant's backpack that was disposed of and placed those items in the burn pile himself. (R.R. Vol. 5, p. 44). SMITH went on to say that the Appellant was not assisting him in any way in burning items (R.R. Vol. 5, p. 52) and was in fact in the house at the time. (R.R. Vol. 5, p. 44). SMITH said it was his decision that the items should go in the burn pile. (R.R. Vol. 5, p. 44).

The Appellant testified she never saw SMITH take the clothing out of the house, found out afterwards that SMITH had burned the clothes (R.R.

16

Vol. 6, p. 69), and had stayed in the house the whole time. Co-Defendant HEATHER RICHARDS testified that the Appellant never spoke to her about burning evidence. (R.R. Vol. 5, p. 101).

A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both. Texas Penal Code Ann. § 7.01(a).

One alternative to be responsible as a party for the conduct of another one must "acting with intent to promote or assist the commission of the offense, solicits, encourages, and/or attempts to aid the other person to commit the offense. Texas Penal Code Ann. § 7.02(a)(2). One may also be responsible for the conduct of another when in the course of a conspiracy to commit one felony another felony is committed and was one that should have been anticipated in carrying out the conspiracy. Texas Penal Code Ann. §7.02(b).

Mere presence alone without evidence of intentional participation is insufficient to convict a defendant as a party. Beier v. State, 687 S.W.2d 2 (Tex. Crim. App. 1985). The State must prove conduct constituting the offense plus an action by a defendant done with intent to promote or assist such conduct or encouragement by words or agreement. Beier, Id.

17

In a review of factual sufficiency of the evidence, the evidence is viewed in a neutral light and set aside if "proof of guilt" is so obviously weak as to undermine confidence in the jury's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. Johnson v. State, 23 S.W.3d 1 (Tex. Crim. App. 2000).

The evidence was factually insufficient to support the conviction of the Appellant for Tampering with Evidence by her own conduct. It was also factually insufficient to support her being convicted of the offense because of the conduct of another because of the lack of any evidence to show that Appellant either solicited, encouraged, directed, aided or attempted to aid another person to commit the offense. Finally, the evidence was factually insufficient to support a conviction due to the lack of evidence to support that Appellant should have anticipated evidence would be tampered with to carry out the conspiracy.

---

## PRAYER

---

WHEREFORE, PREMISES CONSIDERED, Appellant respectfully prays that her conviction in the above-entitled and numbered judgments on the counts addressed be reversed and rendered as a judgment of acquittal on each of said counts.

Respectfully submitted,

REAGAN BURRUS PLLC
401 Main Plaza, Suite 200
New Braunfels, Texas 78130
Telephone: (830) 625-8026
Direct Line:(830) 358-7473
Facsimile: (830) 625-4433
Email: pfinley@reaganburrus.com

By: *Paul A. Finley*    /e-s/
PAUL A. FINLEY
State Bar No. 07023300

ATTORNEY FOR APPELLANT,
KAYLA JEAN LARDIERI

## CERTIFICATE OF COMPLIANCE

By affixing my signature below, I PAUL A. FINLEY, hereby certify that Appellant's Brief contains 3757 words.

on the 2nd day of July, 2015.

*Paul A. Finley* /e-s/

PAUL A. FINLEY

## CERTIFICATE OF SERVICE

By affixing my signature below, I, PAUL A. FINLEY, hereby certify that a true copy of "Appellant's Brief" has been mailed to:

Chari Kelly
Comal County District Attorney's Office
150 North Seguin, Suite 307
New Braunfels, Texas 78130

on the 2nd day July, 2015.

*Paul A. Finley* /e-s/

PAUL A. FINLEY